### 1049.   GREEN v. THE STATE.

1. In a criminal case the venue must be proved beyond a reasonable doubt, and it must affirmatively appear, from the evidence, that the crime alleged was committed at a place within the jurisdiction of the court.
2. When a petition for certiorari in a criminal case purports to contain all of the evidence introduced on the trial, and it does not appear therefrom that the venue was proved, it is error to refuse to sanction the petition, where it assigns error upon the ground that the verdict was contrary to evidence and without evidence to support it.
3. It is not necessary that a copy of the accusation or indictment, upon which the defendant in a criminal case was convicted, be attached to his petition for certiorari, or that such copy be presented to or identified by the trial court prior to the coming in of the answer to the writ of certiorari. It is the office of the answer to verify all proceedings had in the lower court, whether oral or in writing.

Certiorari, from Tift superior court—Judge Mitchell. February 6, 1908.

Submitted March 31,—Decided April 20, 1908.

*J. B. Murrow, John J. Murray,* for plaintiff in error.

*W. E. Thomas, solicitor-general,* contra.

RUSSELL, J. Ed Green was found guilty, in the city court of Tifton, of unlawfully selling intoxicating liquors without a license. A petition for certiorari was presented by him to the judge of the superior court, who refused to sanction it and order the issuance of the writ. He here excepts to the refusal of his petition. The petition contained thirteen assignments of error. It is unnecessary to deal with more than one of the numerous exceptions presented and insisted upon here.

1. The first exception is that "the verdict is contrary to evidence and is against the weight of evidence and without evidence to support it." A thorough investigation of the evidence alleged in the petition to have been adduced upon the trial of the defendant discloses that no reference was made by any of the witnesses to the subject of the venue. The venue can be proved, like any other fact, either directly or by circumstantial evidence, but it must affirmatively appear in testimony that the court trying the case has jurisdiction. Not a single witness in this case gives a hint as to where the alleged sale took place,—whether it was in Tift county or in some other. The verdict was, therefore, according to the allegations of the petition, not only without evidence to support it, as alleged in the first exception, but was also for that reason contrary to law, as alleged in the second exception. In a criminal case the venue must be proved beyond a reasonable doubt, and it must affirmatively appear, from the evidence, that the crime alleged was committed at a place within the jurisdiction of the court.

2. The question then arises as to what force should be given by a trial judge to the allegations of the petition, when a petition for certiorari is presented for his sanction. It is of course well settled and necessarily true that after the answer is filed, the reviewing court is to determine absolutely from the answer what actually occurred in the trial court, and is bound to disregard any statements of fact made in the petition which are not verified by the answer. But in advance of the answer, a suitor would be defeated of any right to have an incorrect or unjust judgment against him reviewed, unless it be assumed that, prima facie at least, the allegations of the petition represent the truth of what transpired upon the trial in the court whose judgment is sought to be reviewed. This is one of the reasons why the petition for certiorari is re-

quired to be verified in the terms set forth in the Civil Code, §4638. The exact point was ruled by this court in *Linder* v. *Renfroe,* 1 *Ga. App.* 58 (57 S. E. 975), in which we held that "in application for certiorari, all the allegations of fact therein contained, including statements of what was testified, are to be taken and considered as true by the court, when clearly set forth and when the petition is verified as prescribed in the Civil Code, §4638. Until the time for the answer to the writ has arrived, these statements of the petition as to the evidence, rulings of the court, or any other fact which developed or transpired in any proceeding in the lower court, taken as the truth, are to be applied by the reviewing court to such assignments of error as are properly presented by and contained in the petition." As there is no evidence, either direct or circumstantial, which tends to show the venue, and as the assignment of error is expressly made, that the verdict is contrary to evidence, it clearly follows that the petition should have been sanctioned and the writ ordered to issue, so that the answer would determine whether the defendant had been legally convicted or whether the verdict was unauthorized. When a petition for certiorari in a criminal case purports to contain all of the evidence introduced on the trial, and it does not appear therefrom that the venue was proved, it is error to refuse to sanction the petition, where it assigns error upon the ground that the verdict was contrary to evidence and without evidence to support it.

3. The learned counsel for the State concedes that the verdict of guilty can not be sustained upon the proof of venue presented by the record. He suggests, however, that perhaps the judge had the right to refuse to sanction the petition for certiorari, upon the ground that the accusation, under which it was alleged the trial occurred, was not identified. The word "suggest" is perhaps too strong, for it would be more proper to say that the inquiry is made whether, under the ruling in *Ga. So. & Fla. Ry. Co.* v. *State,* 116 *Ga.* 845 (43 S. E. 254), it may not be held that the copy of the accusation, which the petitioner attached to his petition, should have been verified by the judge of the city court. We have no hesitation in holding that it is unnecessary that a copy of the accusation or indictment, upon which the defendant in a criminal case was convicted, be attached to his petition for certiorari, or that such copy be presented to or identified by the trial court prior to

the coming in of the answer to the writ of certiorari. It is the office of the answer to verify the proceedings had in the lower court, whether oral or in writing. In a case, such as the present, where one of the points made is that the court erred in failing to sustain a demurrer to the accusation, the accusation should be incorporated in the petition for certiorari; but as a part of the petition it does not require the verification of the trial judge in advance of his answer. There is no duty upon the trial judge to thus verify any part of the petition; and as he has no connection whatever with the matter until he has been ordered to make an answer, it is not apparent that there is any means by which a petitioner can require him to verify an accusation or indictment, or any other paper used in the course of the trial.

The writ of certiorari should have been ordered to issue, upon the showing made by the petition, which was properly verified in accordance with the provisions of the Penal Code, §765.

*Judgment reversed.*