### 2350.  MINOR *v.* CITY OF ATLANTA.

RUSSELL, J.  1. In determining whether a petition for certiorari should be sanctioned, the judge must look to the petition alone. Though the statements in the petition may be rendered valueless upon the coming in of the answer, the merits of the petition at the time when it is presented for sanction depend upon the statement of the case as verified by the affidavit of the petitioner. *Linder* v. *Renfroe,* 1 *Ga. App.* 58 (57 S. E. 975).

2. The venue is a jurisdictional fact, and must be proved by the prosecution as a part of the general case; and where there is an assignment of error that the verdict is contrary to the law and the evidence, and the brief of the evidence contains no proof of the venue, a new trial will be granted. *Mill* v. *State,* 1 *Ga. App.* 134 (57 S. E. 969); *Green* v. *State,* 4 *Ga. App.* 260 (61 S. E. 234).

3. It not appearing from the evidence, as set out in the verified petition for certiorari, that the alleged offense was committed within the limits of the city of Atlanta, and error being assigned and exception taken upon the ground that the judgment finding the defendant guilty "is illegal because it is contrary to the evidence, . . and without evidence to support it," it was error to refuse to sanction the petition. The assignment of error was sufficiently specific to raise the question of venue.

*Judgment reversed.*

Petition for certiorari; from Fulton superior court—Judge Pendleton.  December 10, 1909.

Submitted January 13,—Decided February 22, 1910.

*John A. Boykin,* for plaintiff in error.

*James L. Mayson, William D. Ellis Jr.,* contra.