## 34748. HAMMOND *v.* THE STATE.

TOWNSEND, J. This case turns on the question of whether or not the State proved the venue. While, in the absence of evidence sufficient to raise an inference to the contrary, slight proof that the venue of the crime is properly laid is sufficient, nevertheless, venue is a fact essential to the jurisdiction of the court and must be proved by evidence and beyond a reasonable doubt. *Dempsey* v. *State,* 52 *Ga. App.* 35 (2) (182 S. E. 56); *Green* v. *State,* 4 *Ga. App.* 260 (1) (61 S. E. 234). The State depends here for proof of the venue on the answer of a State's witness to the following question: "In this State and county about the 24th of December, last year, turn to the jury and describe what happened between you and Thomas Hammond." The witness then proceeded as follows: "Gentlemen of the jury, at approximately 7 p.m. on the 23rd of December, this last year, in company with Officer Cook, C. V. Cook with the State Alcoholic Tax Unit, went out 13th Street," etc., without anywhere in his testimony making any further reference to the location of the place, as to State, county, or municipality. While a direct affirmative answer to the question, "Did this occur in —————— County?" would certainly establish the venue in the absence of any evidence to the contrary, yet there are three reasons why this testimony and the question here fail to constitute proof thereof. First, the answer is not entirely responsive to the question, which included what happened between the witness and the defendant in Richmond County on December 24, last year. The witness then proceeded to narrate what happened between him and the defendant on another date, namely, the 23rd, and without designating the place of the occurrence. At most, a mere inference arises from his failure to contradict the place stated by the solicitor, as well as the date, and, as stated in Wharton's Criminal Evidence, Vol. 2, 1854, § 1053, "No principle is more firmly settled than that venue must not be left to inference." Second, had other witnesses

testified unequivocally that this whole occurrence took place in some other State or county, as for instance across the Savannah River in South Carolina adjacent to Augusta, the testimony of this witness would not have amounted to a conflict in the evidence as to venue. Third, under our perjury statute (Code § 26-4001), if two witnesses had testified that this entire occurrence was just over the river from Augusta in Aiken County, South Carolina, this witness could not be convicted under this testimony because of his mere failure to explain, in answer to the solicitor-general's question, that the things that happened to him happened just as he outlined them, but did not happen in Richmond County, Georgia, since, to be guilty of perjury, one must swear "absolutely" as well as wilfully, knowingly, and falsely. *Hicks* v. *State,* 67 *Ga. App.* 475 (6) (21 S. E. 2d 113); *Jones* v. *State,* 70 *Ga. App.* 431 (28 S. E. 2d 373). This is not the proper way to prove venue. Had the testimony of this witness even gone so far as to prove that the crime was committed in the City of Augusta, it would not have been sufficient to have shown the venue in any particular county of this State. *Gibson* v. *State,* 52 *Ga. App.* 297 (183 S. E. 83); *Moye* v. *State,* 65 *Ga.* 754; *Murphy* v. *State,* 121 *Ga.* 142 (48 S. E. 909). Testimony of the witnesses here relating to certain named streets, which failed to specify either the municipality or the county in which the streets were located, is not sufficient to establish venue, and this deficiency cannot be supplied by the form of a question which, as asked, includes an invitation to the witness to testify as to venue as well as to the other facts of the case, the witness having only testified to the other facts and omitted to testify to any fact sufficient to establish venue.

The trial court erred in denying the motion for new trial, one special ground of which assigned error on the failure to establish the venue of the offense.

Under authority of the act of the General Assembly approved March 8, 1945 (Ga. L. 1945, p. 232), this case was decided by the court as a whole.

*Judgment reversed. Sutton, C. J., Gardner, P. J., Felton, Worrill and Carlisle, J. J., concur.*

DECIDED SEPTEMBER 24, 1953.

*Paul K. Plunkett, H. A. Woodward,* for plaintiff in error.
*George Hains, Solicitor-General,* contra.