## 60968. PATTERSON v. THE STATE.

DEEN, Presiding Judge.

Defendant appeals from his conviction in the Superior Court of Richmond County of two counts of armed robbery. Defendant enumerates as error the trial court's denial of defendant's motion for a new trial asserting that the state failed to prove venue as required.

"It is well recognized in this state that slight evidence is sufficient to establish venue, where there is no conflicting evidence. *Johns v. State,* 239 Ga. 681, 682 (238 SE2d 372) (1977); *Aldridge v. State,* 236 Ga. 773, 774 (225 SE2d 421) (1976). Further, circumstantial as well as direct evidence may be used to establish

venue. *Loftin v. State,* 230 Ga. 92, 94 (195 SE2d 402) (1973). Venue is a question to be decided by the jury and its decision will not be set aside so long as there is any evidence to support it. *Johns,* supra; *Wilkes v. State,* 238 Ga. 57 (230 SE2d 867) (1976)." *Alderman v. State,* 241 Ga. 496, 509 (246 SE2d 642) (1978). Nevertheless, "venue in criminal cases is a matter of jurisdictional fact, and like every other material allegation in the indictment must be proved beyond a reasonable doubt. [Cits.]" *Dickerson v. State,* 186 Ga. 557, 559 (199 SE 142) (1938).

The record presented herein reflects that the alleged robbery occurred during an automobile trip en route to Fort Gordon approximately one-quarter mile down a dirt road off of Barton Chapel Road near where it intersects Gordon Highway. The originating point of the journey is not specifically identified in the record as Augusta, but testimony by one of appellant's co-defendants does support such an inference. No evidence identifies either Augusta or Ft. Gordon or either of the named thoroughfares as located within either Richmond County or within the State of Georgia. Further, no testimony identifies the alleged robbery as having occurred within Richmond County or within the State of Georgia.

A long-settled line of cases in this jurisdiction has solidified the rule that evidence merely identifying the location of a crime's commission as a given city without further specifying the county or state within which that city is situated does not establish venue beyond all reasonable doubt. *Moye v. State,* 65 Ga. 754 (1880); *Cooper v. State,* 106 Ga. 119 (32 SE 23) (1898); *Wooten v. State,* 119 Ga. 745 (47 SE 193) (1904); *Murphy v. State,* 121 Ga. 142 (48 SE 909) (1904). Further, "[t]estimony of the witnesses here relating to certain named streets, which failed to specify either the municipality or the county in which the streets were located, is not sufficient to establish venue . . ." *Hammond v. State,* 88 Ga. App. 804, 805 (77 SE2d 836) (1953). In view of this line of authority, we are constrained to hold that the state failed to fulfill its burden of proof with regard to venue herein. "If the question were now open, we would rule to the contrary." *Murphy v. State,* supra.

In light of our holding respecting venue herein, it is unnecessary to consider appellant's second enumeration of error.

*Judgment reversed. Birdsong and Sognier, JJ., concur.*

DECIDED JANUARY 28, 1981 —

*Daniel J. Craig*, for appellant.
*Sam B. Sibley, Jr., District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.