## 64186. CAMP v. THE STATE.

BIRDSONG, Judge.

Robert Camp was convicted along with his wife of the offenses of selling marijuana. He was convicted of joint sales involving three transactions with undercover agents of the GBI on different dates. Mrs. Camp was convicted in a fourth count of an additional sale in which Robert Camp had no involvement. Robert Camp was sentenced to serve ten years on each of the three counts but concurrently. The present appeal is by Robert Camp alone and asserts seven enumerations of error. *Held:*

1. The facts disclose that on each occasion an informer conducted a GBI undercover agent to Mrs. Camp's apartment to buy marijuana in quantities varying from two ounces to a pound. On three of those occasions, the agent negotiated with Mrs. Camp. If the desired amount was not available, Robert Camp left the premises to obtain the requisite amount of marijuana purchased, and on each occasion he weighed it out and delivered the packaged marijuana to the agent, taking payment therefor, except that on the first occasion the money was paid directly to Mrs. Camp. On the fourth occasion involving Mrs. Camp, Robert Camp was outside the apartment working on a car when the transaction was conducted solely with Mrs. Camp. At the time of trial, Robert Camp was free on bail. He appeared on the first day of trial when motions were made and a jury struck. The next morning, however, Robert Camp failed to appear and trial was conducted in his absence.

2. In his first enumeration of error, appellant complains that the trial court erred in not striking from the indictment the middle name

of Mrs. Camp (Causey) on the ground that the name was notorious in the county and so well-known that its mere use would put into issue the character of Mr. and Mrs. Camp. Other than that bare allegation, no supporting evidence was offered. Mrs. Camp admitted that Causey had at one time been her married name. The trial court ruled that the inclusion of the name in the indictment was not error and refused to strike the name from the indictment. During the trial the character of the Causey family was not impugned; indeed, the Causey family was never mentioned. We agree with the trial court that the bare use of a name does not place one's character in issue. This enumeration has no merit.

3. We find no merit in the arguments that the trial court erred in refusing to sever the trial of the parties or the separate counts of the indictment. The facts show a course of criminal conduct, each involving the same place of occurrence, a very similar series of acts involved in each sale, and involving a group of undercover agents working closely together to ferret out drug activities. Such evidence showed a common scheme or plan and clearly warranted the common trial of each of the occurrences. *Plemons v. State,* 155 Ga. App. 447 (270 SE2d 836). Moreover, considering the guidelines set forth in *Cain v. State,* 235 Ga. 128 (218 SE2d 856), there was no showing that a common trial would work any prejudice to the rights of either defendant. *Parrish v. State,* 160 Ga. App. 601 (287 SE2d 603). We find no abuse of discretion in the denial of the motions to sever parties, *Plemons v. State,* supra, or the offenses.

4. In his fourth enumeration of error, Camp argues that the trial court erred in denying his motion to grant a continuance. Counsel for Camp was not appointed until a week before trial. However, the principal contention was that there were witnesses in north Georgia that could have established a defense but who could not be located in such a short time. These witnesses were never identified nor was the substance of their proposed evidence ever submitted to the court. Even after trial, Camp has not shown any prejudice in the denial of the motion for continuance. We find no abuse of the sound discretion vested in the trial court in relation to the grant or denial of a motion for continuance. See *Lindsey v. State,* 138 Ga. App. 377 (226 SE2d 473); *Pope v. State,* 140 Ga. App. 643, 644 (231 SE2d 549).

5. Camp contends that the trial court erred in failing to release exculpatory material following an in camera examination of the state's files. However, appellant has not shown, contrary to the court's statement that there was no exculpatory material in the file, what material was exculpatory, or that it would probably result in a different verdict. In the absence of such a showing, there is no requirement nor reason for this court to conduct its own examination

of the file to see if the trial court misstated the facts. *Barnes v. State,* 157 Ga. App. 582, 588 (277 SE2d 916). This enumeration presents nothing for review.

6. Contrary to appellant's complaint that he was tried in absentia, there was no error in proceeding to trial in the absence of the defendant, for the appellant waived his right to be personally present and to exercise his rights of confrontation, when he, while on bail, voluntarily absented himself after the jury had been struck and his plea entered. See *Byrd v. Ricketts,* 233 Ga. 779 (213 SE2d 610). We find no merit in this enumeration.

7. In his last enumeration of error, Camp complains that the evidence was insufficient to warrant the denial of his motion for a directed verdict of acquittal. This is patently without merit. There is compelling evidence that Camp was deeply involved in the sale to any member of the public (buyer) of marijuana in amounts that were set by the buyer. Though the evidence may well have shown that Mrs. Camp was the "mover and shaker," the evidence clearly shows that Robert Camp was fully involved in the criminal enterprise. There was no error in the denial of the motion for a directed verdict. *Bethay v. State,* 235 Ga. 371, 375 (219 SE2d 743).

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED JULY 7, 1982.

*James C. Wyatt,* for appellant.

*F. Larry Salmon, District Attorney, William Boggs, Assistant District Attorney,* for appellee.

