## 65985. WILLIAMS v. THE STATE.

BANKE, Judge.

The defendant was convicted of homicide by vehicle in the first degree. On appeal, her sole enumeration of error is that the trial court failed to make sufficiently clear to the jury the necessity for proof of a causal relationship between the driving violation and the death of the

victim. The defendant concedes both that her blood alcohol content was .16 percent at the time of the collision and that the victim died as the result of injuries sustained when struck by a car which she was driving. She contends, however, that the child's death was not caused by her driving but by a mechanical defect in the automobile.

The indictment was in three counts, the first charging the defendant with homicide by vehicle in the first degree (former Code Ann. § 68A-903 (a)) [OCGA § 40-6-393 (a)], the second charging her with homicide by vehicle in the second degree (former Code Ann. § 68A-903 (b)) [OCGA § 40-6-393 (b)], and the third charging her with DUI. The court charged the jury the provisions of former Code Ann. §§ 68A-903 (a) and 68A-903 (b), both of which provided, as do the current statutes, that the conduct of the accused must be the cause of death in order to warrant a conviction. He then instructed the jury as follows: "[T]o try to simplify the difference between count one of this indictment and count two, for all intents and purposes, they're the same, except count one says that if the driver of the vehicle involved has violated the provisions of the driving under the influence code section, then it's a felony. If they have violated the provisions or the rules of the road as I have referred to previously, other than driving under the influence, then it's a misdemeanor." *Held:*

While it might have been preferable for the trial court to have emphasized the causation requirement in his explanatory comment to the jury, there is no reasonable possibility that his failure to do so operated to the prejudice of the defendant in this case. The defendant's sole defense was that the victim's death was caused by a mechanical defect in the car rather than by her intoxicated driving, and the court clearly charged that a person could not be found guilty of a crime committed by misfortune or accident where there was no criminal intention or criminal negligence. Furthermore, it was apparent from the indictment and the charge as a whole that if the defendant's intoxicated driving was not the cause of death, she could be convicted merely of DUI. Upon consideration of all these circumstances, it is clear that the defendant's conviction resulted not from any defect in the charge, but from the evidence presented against her.

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED MARCH 17, 1983.

*William H. Newton III,* for appellant.
*F. Larry Salmon, District Attorney, William H. Boggs, Assistant*

*District Attorney,* for appellee.