## 68130. LaRUE v. THE STATE.

Carley, Judge.

Appellant was indicted for the murder of his wife. He was tried before a jury and found guilty of voluntary manslaughter. Appellant's motion for new trial was denied and he appeals.

Appellant's sole enumeration of error is the admission into evidence of his incriminating statement. A Jackson v. Denno hearing was conducted and the trial court found that the statement had been made pursuant to a valid waiver by appellant of his Miranda rights. On appeal, appellant urges that the State failed to meet its burden of proving that he had made a knowing waiver of his Miranda rights.

The evidence adduced at the Jackson v. Denno hearing shows the following: Appellant sustained gunshot wounds during the altercation which culminated in the death of his wife. Appellant was taken to the hospital, arriving at approximately 9:15 p.m. The emergency room registration form indicates that appellant had suffered gunshot wounds to the "flank," that he was "acutely uncomfortable" but was "conscious." Appellant was given anesthetic at 10:30 p.m. and underwent exploratory surgery at 10:50 p.m. Appellant was taken from the operating room to the recovery room at 12:15 a.m. At the time he entered the recovery room, appellant was noted to be "awake, alert." At 1:30 a.m., when appellant was taken to a continuous care unit, his condition was listed as "good." "[A]round lunchtime, maybe a little bit after," a police officer arrived to talk with appellant. The officer checked at the nursing station and was told that he could not speak with appellant without the permission of a physician who, the officer was informed, "was going to check [appellant] within the next little bit." Although he did not personally speak with the physician, the officer was subsequently told that the physician "had checked [appellant] and had said that he was capable of answering questions." Accordingly, the officer was then allowed to enter appellant's room.

The officer testified that appellant "appeared to be alert, conscious, and in a lot better condition than [he] expected him to be in." The officer testified that appellant did not appear to be "under the influence of any intoxicant" and that "his replies to . . . questions

were sensible and appeared to be sound." In response to a general inquiry concerning his condition, appellant complained only of soreness. Appellant was outwardly "calm, collected. He was not hysterical, crying or anything." The officer testified that appellant was advised of his Miranda rights and responded affirmatively when asked if he understood those rights. The officer further testified that appellant had given an affirmative response when asked if he was willing to waive those rights and to give a statement.

" 'The standard for determining the admissibility of confessions is the preponderance of the evidence. [Cits.] To determine whether the State has proven that a confession was made voluntarily, the trial court must consider the totality of the circumstances. [Cits.] Unless clearly erroneous, a trial court's findings as to factual determinations and credibility relating to the admissibility of a confession will be upheld on appeal. [Cits.]' [Cit.]" *Lee v. State*, 154 Ga. App. 562, 563 (269 SE2d 65) (1980). In support of the proposition that the State's requisite evidentiary burden was not met under the totality of the circumstances in the instant case, appellant relies upon the absence of expert medical testimony with regard to whether he made a knowing and voluntary waiver of his Miranda rights. His gunshot wounds, the subsequent surgery and consequent medication and sedation are the "circumstances" upon which appellant relies in urging the necessity for medical testimony. The cited authority for appellant's contention is United States v. Watson, 469 F2d 362 (5th Cir. 1972).

We do not construe the decision in United States v. Watson, supra, as establishing a per se rule that whenever any statement is secured from an individual who has undergone a potentially traumatic physical or emotional event, the State is required to produce expert medical testimony on the issue of whether there was a knowing and voluntary waiver. The "totality of the circumstances" in Watson demonstrated "that *immediately prior* to the warning and waiver . . . the appellant was indeed under at least some sort of *medically connected disorientation* . . . [T]he government . . . virtually admits that at *a delicate moment* in the custodial interview process [the] appellant was indeed suffering from some *medically connected abnormality*." (Emphasis supplied.) United States v. Watson, supra at 367-368. Such circumstances do not exist in the instant case. Appellant's statement was given some twelve hours *after* he had been shot and undergone surgery. Appellant's medical records lend no support whatsoever to the occurrence of a medically connected disorientation. Unlike Watson, appellant's statement was given in the hospital and only after the officer had been informed that there was no medical objection to conducting the interview. The most that the evidence shows is that appellant *had* undergone a physical and emotional trauma and *was* presumably on medication. However, the uncontroverted evi-

dence is that the "influence [of appellant's medication], coupled with his emotional condition, did not render him incapable of understanding his rights and making a knowing and intelligent waiver thereof. Accordingly, we find that the trial court did not err in finding the confession to be admissible. [Cits.]" *Findley v. State*, 251 Ga. 222, 227 (304 SE2d 898) (1983).

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

DECIDED JUNE 7, 1984 —
REHEARING DENIED JUNE 27, 1984 —

*F. Gregory Melton, Bobby Lee Cook, Sr., Marcus R. Morris*, for appellant.

*Stephen A. Williams, District Attorney, Ralph M. Hinman, Assistant District Attorney*, for appellee.