68766. COLLINS v. THE STATE.
(321 SE2d 823)

BANKE, Presiding Judge.

The defendant was convicted of first-degree homicide by vehicle. See OCGA § 40-6-393. This statute authorizes conviction of "[a]ny person who, without malice aforethought, causes the death of another person through the violation of Code Section 40-6-271, 40-6-390, 40-6-391, or subsection (a) of Code Section 40-6-395 . . ." The indictment charged that the victim's death had been caused through a violation of OCGA § 40-6-271, which requires the driver of a vehicle involved in an accident resulting in injury to stop and render assistance. On appeal, the defendant contends that the evidence is not sufficient to support the verdict and that the State failed to prove venue.

The defendant's vehicle struck the victim from behind as he was walking along the side of the road. By his own admission, the defendant did not stop to render aid but instead drove to his home, where he telephoned an ambulance service to report the victim's location. In making this report, the defendant suggested merely that the victim had been drinking and needed help; and when asked to identify himself, he gave a fictitious name and phone number. The attending physician testified that the victim's death, which occurred about a week later, was caused by the injuries he had received from being struck by

the vehicle. He further testified that the victim's condition had actually improved somewhat during the first 24 hours after his admission to the hospital. An ambulance attendant who assisted the victim at the scene testified that because of the injuries involved, "the patient should not have been moved by anyone except medical personnel trained to move this type patient." *Held*:

1. The record contains no evidence which would have authorized the jury to conclude that the defendant's failure to stop and render assistance caused the victim's death. Such proof is clearly required to support a conviction under the statute. See *Williams v. State*, 165 Ga. App. 831 (302 SE2d 736) (1983). It follows that the defendant's conviction of first degree homicide by vehicle must be reversed.

2. The State presented several witnesses who testified that the victim was struck at a certain street location in the city of Vidalia. The District Attorney concedes in his brief that the city of Vidalia is located in portions of two different counties. While we may judicially notice the location of cities within a county, we may not notice the location of streets in the city. *Harmon v. Harmon*, 209 Ga. 474 (2) (74 SE2d 75) (1953). We find no competent evidence establishing venue in Toombs County.

*Judgment reversed. Pope and Benham, JJ., concur.*

DECIDED SEPTEMBER 13, 1984.

*Kenneth D. Kondritzer*, for appellant.
*Richard A. Malone, District Attorney*, for appellee.