A90A1441. BLACKMON v. THE STATE.
(397 SE2d 728)

McMurray, Presiding Judge.

Defendant was convicted of three counts of aggravated assault and one count of criminal damage to property in the first degree. The evidence showed that defendant poured gasoline onto a bed occupied by his wife and two step-children and that he then ignited the gasoline while the mother and children were on the bed. Upon the denial of his motion for new trial, defendant appeals. *Held:*

1. Defendant first contends the trial court erred in "failing to consider [his] own sworn testimony" before making a determination that his custodial statement was freely and voluntarily made. This contention is not supported by the record. The trial court heard from defendant, as well as the interrogating police officer, before determining that defendant's custodial statement was made "voluntarily [and] freely. . . ."

During a hearing conducted pursuant to *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908), defendant testified that his custodial statement was made while he was under the strain of injuries sustained during the incident which forms the basis of the crimes charged. More specifically, defendant testified that he requested medical treatment ("aspirin" for a "hurting" head) before the interrogation and that his request was not honored by the interrogating officer, Paul Kelhofer of the DeKalb County Police Department. Defendant further testified that Officer Kelhofer "convinced [him] that the only way [he] would get a bond . . ." was to give a statement. Defendant also testified that the officer was "trying to throw [him] off guard . . ." during the interview by "acting like a guy from the street."

Officer Kelhofer testified that he did not "threaten or coerce . . ." defendant into making a statement; that he did not promise defendant the benefit of hope or reward in exchange for a statement; that defendant did not appear to be under the influence of alcohol at the time of the interview and that defendant was advised of his *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694), rights before interrogation. The officer further testified that defendant appeared to understand his constitutional rights and that defendant "voluntarily" executed a "Miranda rights waiver form . . ." before submitting to the interview. Officer Kelhofer admitted that defendant "complain[ed] about his head hurting . . ." and that defendant "told

[him about] a cut to the head[, but the officer explained that he] didn't notice any blood . . ." around the "cut" and that defendant did not request medical attention for the injury. Officer Kelhofer testified that he did not seek treatment for defendant's head wound before the interview because defendant was "eager to tell . . . what had happened" and because the "cut" did not appear to require "immediate" medical attention. The trial court found that "defendant did make the statement voluntarily [and] freely, based on the officer's testimony."

" 'Factual and credibility determinations as to voluntariness of a confession are normally made by the judge at a suppression hearing and must be accepted by appellate courts unless such determinations are clearly erroneous. *Griswold v. State*, 159 Ga. App. 22, 23 (2) (282 SE2d 679) (1981).' *Sanders v. State*, 182 Ga. App. 581 (1), 582 (356 SE2d 537)." *Washington v. State*, 192 Ga. App. 678, 680 (385 SE2d 767). In the case sub judice, the trial court did not abuse its discretion in discounting defendant's credibility. Officer Kelhofer's testimony was sufficient to authorize a finding that defendant's statement was freely and voluntarily made. See *LaRue v. State*, 171 Ga. App. 371, 372 (319 SE2d 468).

2. In his second enumeration, defendant contends the trial court erred in failing to charge that "the jury must find [defendant's] alleged statement while in police custody to have been freely and voluntarily made."

" 'Under established Georgia law there is no necessity to give a charge on the subject of the voluntariness of a confession unless there is a specific request for it. (Cits.)' *Thomas v. State*, 233 Ga. 237, 241 (210 SE2d 675)." *Welch v. State*, 235 Ga. 243, 246 (2) (219 SE2d 151). In the case sub judice, defendant made no such request. Consequently, the trial court did not err in failing to charge the jury on the subject of the voluntariness of defendant's custodial statement.

3. Next, defendant contends the trial court erred in charging the jury that "[a]n inference of guilt may arise from flight and that the flight of *the* accused, *if not satisfactorily explained,* is a fact which may be taken into consideration as having a tendency to establish guilty [sic]." Defendant argues that this instruction is "burden-shifting [because it] suggests that [he] had a duty to explain his purported flight."

To begin, defendant's brief does not accurately reflect the trial court charge on flight. The trial court's instruction on flight provides as follows: "An inference of guilt may arise from flight and that the flight of *an* accused, if not satifactorily explained, is a fact which may be taken into consideration as having a tendency to establish guilty [sic]." (Emphasis supplied.) It is from this perspective that we consider defendant's contention that the trial court's charge on flight was

unconstitutionally burden-shifting.

"A presumption or inference is an evidentiary device which authorizes the jury to find the existence of a fact from proof of one or more other facts. Such devices are not invalid *per se*. See, e.g., *Ulster County v. Allen*, 442 U. S. 140, 156 (99 SC 2213, 60 LE2d 777) (1979). However, a device may not, consistent with the constitutional requirement that a criminal defendant's guilt must be proven beyond a reasonable doubt, lessen or shift the state's burden of proof. *Sandstrom v. Montana*, [442 U. S. 510 (99 SC 2450, 61 LE2d 39)]. Whether an evidentiary device has such an impermissible effect depends upon whether it is permissive or mandatory. A permissive device is valid if it is rational[, i.e., is there a rational connection between the fact proved and the ultimate fact that may be inferred]. *Williamson v. State*, 248 Ga. 47 (281 SE2d 512) (1981). A *mandatory* inference or presumption concerning an element of the offense is invalid, and this is so whether it is mandatory-conclusive or mandatory-rebuttable. *Sandstrom v. Montana*, supra, 442 U. S. at 524. . . .

"Whether the device is permissive or mandatory may be determined as follows: 'A permissive inference is an evidentiary device that permits, but does not require, the jury to infer the elemental fact from proof by the prosecutor of the basic fact. By contrast, a mandatory presumption instructs the jury that it must infer the elemental fact once the state has proved the basic fact. The difference between the two may be found in the presence or absence of "language of command" such as "shall be." An instruction containing a mandatory presumption commands that the jury reach a particular conclusion, while an instruction couched in terms of an inference merely suggests, but does not command, that the jury do so. Since a permissive inference does not require the jury to reach a certain conclusion, it does not affect the burden of proof, and therefore must meet only the "rational connection" test. A mandatory presumption, however, eases the prosecution's burden and, therefore, implicates both the "rational connection" test and the requirement that the prosecution prove every element of the offense beyond a reasonable doubt. (Doyel, Burden-Shifting Criminal Jury Instructions in Georgia, 38 Mer. L. R. 1, 4 (1988) (footnotes omitted).)' " (Footnote omitted.) *Isaacs v. State*, 259 Ga. 717, 734 (35, b) (386 SE2d 316).

In the case sub judice, the trial court's instruction on flight could reasonably be read as a "permissive inference" rather than a "mandatory presumption." See *Francis v. Franklin*, 471 U. S. 307, 315, 318 (105 SC 1965, 85 LE2d 344). The charge did not require the jury to infer guilt from "the flight of an accused. . .," it merely "suggested" that guilt "may" be inferred from flight and "that the flight of an accused . . . may be taken into consideration as having a tendency to establish guilty [sic]." Further, it is "reasonable" to infer a

consciousness of guilt from evidence showing a defendant's flight from the scene of a crime. See *Spaulding v. State*, 185 Ga. App. 812, 814 (4) (366 SE2d 174). Consequently, the trial court's charge on flight was not unconstitutionally burden-shifting.

Defendant next argues that the trial court's charge on flight "amounts to a comment on the evidence because it failed to point out that it was for the jury to decide whether there was flight." Defendant also argues that the trial court erred in failing to charge the jurors that it was their "duty first to determine from the evidence whether there was 'flight' in the relevant sense. . . ." These arguments are without merit.

OCGA § 17-8-57 provides, in pertinent part, as follows: "It is error for any judge in any criminal case, during its progress or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused." However, this Code section "is only violated when the court's charge assumes certain things as facts and intimates to the jury what the judge believes the evidence to be. *Mitchell v. State*, [190 Ga. 571, 572 (3) (9 SE2d 892)]; *Buffington v. State*, [171 Ga. App. 919, 923 (8) (321 SE2d 418)]." *Mullinax v. State*, 255 Ga. 442, 445 (4) (339 SE2d 704).

In the case sub judice, the trial court failed to instruct the jury that it was for them to decide from the evidence whether there was flight. However, we fail to see how this omission amounted to "a comment on the evidence. . . ." The trial judge neither assumed certain things as facts, nor did he intimate to the jury what he thought the evidence to be. At best, the omission of direction regarding the jury's duty as factfinder with regard to flight was harmless in light of the trial court's earlier instruction that, "[u]nder the law[, the jurors] are the sole judges of the facts, the truthfulness of the witnesses and the weight of the evidence."

4. In his final enumeration, defendant contends "[t]he trial court erred in failing to give the jury a proper and complete definition of the crime of aggravated assault." This contention is without merit.

The trial court charged on aggravated assault as is provided in OCGA § 16-5-21 (a) (2). During deliberations the jury requested the " '[d]efinition of aggravated assault from [the] charge to the jury . . . .' " The trial court "conferred with counsel . . ." and reinstructed the jury on aggravated assault as provided in OCGA § 16-5-21 (a) (2). The jury retired to deliberations, but later returned with the following inquiry: " 'What is the legal definition of assault? We ask so that we may understand the term aggravated assault.' Question number two, 'What makes an assault aggravated?' And number three, 'Does an action have to be undertaken with intent to harm another person to be considered aggravated assault?' " The trial court responded: "Ladies and gentlemen, I cannot answer fully those ques-

tions because a lot of it depends on your thinking. I can give you this and this only. The crime charged here is aggravated assault and not simple assault, but I will read you the definition of simple assault to assist you in your deliberations." Thereafter, the trial court instructed the jury on the crime of simple assault as provided in OCGA § 16-5-20 (a). He then reinstructed the jury on aggravated assault as provided in OCGA § 16-5-21 (a) (2).

Defendant argues that the trial court's charge on aggravated assault and its responses to the jury's inquiries caused "the jury . . . to speculate as to the definition of assault as used in the aggravated assault statute." We do not agree.

The trial court's charges on aggravated assault were accurate statements of the law. Further, the trial court's response to the jury's inquiries regarding the basic elements of aggravated assault could not have reasonably misled or confused the jury. On the contrary, it is our view that the trial court's comparative approach response was valuable in that it offered perspective from which the jury could derive meaning from the trial court's charge on aggravated assault. This enumeration is without merit.

*Judgment affirmed. Carley, C. J., and Sognier, J., concur.*

DECIDED OCTOBER 2, 1990.

*John D. McCord III*, for appellant.
*Robert E. Wilson, District Attorney, Desiree L. Sutton, Shawn E. LaGrua, Assistant District Attorneys*, for appellee.