A90A2247. VILLARREAL v. THE STATE.
(402 SE2d 104)

SOGNIER, Chief Judge.

Antonio Jairo Villarreal was convicted on two counts of trafficking in cocaine. He appeals from the judgment entered below, enumerating as error the trial court's denial of his motion to sever the two

counts of the indictment.

Appellant was charged in count I of the indictment with the sale on April 4, 1989 of more than 28 grams of cocaine to an undercover officer. The second count charged him with possession of more than 400 grams of cocaine on August 7, 1989. The first charge arose from a controlled buy made by Detective Jack Stein of the Gwinnett Police Department, who testified that he bought the cocaine from John Hydock, but during the transaction observed a man whom he identified as appellant drive up in a silver Jaguar, and Hydock introduced the man as his supplier. Count II was based on an incident that occurred four months later. An undercover officer who saw appellant driving a Chrysler LeBaron and recognized him as the subject of an outstanding warrant took him into custody. A subsequent inventory search of the car uncovered a kilogram of cocaine in the trunk. Hydock, who was arrested on drug charges early in the summer and began cooperating with authorities, testified that appellant had been his supplier for two or more years. He stated that on August 7, 1989, he arranged for an undercover agent to purchase five kilograms of cocaine from appellant's cousin, Jesus Villarreal, whom he had met through appellant. Hydock stated that after the agent changed the amount to four kilograms, he and Jesus Villarreal met appellant that afternoon at a designated location where he observed appellant and his cousin swap bags of contraband. Jesus Villarreal, who testified for the defense, stated that on August 7 he drove appellant's LeBaron to pick up the five kilograms of cocaine from his supplier, whom he refused to identify, and that after the transaction was changed to four kilograms he left the remaining kilogram in appellant's trunk.

"Where criminal offenses are joined solely on the ground that they are of the same or similar character, the defendant has a right to have the offenses severed. [Cit.] However, where the offenses are so similar that they show a common scheme or plan or have an identical modus operandi, severance is discretionary with the trial court." *Mack v. State*, 163 Ga. App. 778-779 (1) (296 SE2d 115) (1982). When offenses are based on the same conduct, on a series of acts connected together, or on a series of acts constituting parts of a single scheme or plan, severance becomes discretionary, not mandatory, *Davis v. State*, 159 Ga. App. 356-357 (283 SE2d 286) (1981), and the trial court may order severance if necessary to achieve a fair determination of the defendant's guilt or innocence on each count. *Floyd v. State*, 186 Ga. App. 777, 778 (1) (368 SE2d 541) (1988).

We do not agree with appellant that the charged offenses were joined solely because they were of the same or similar character. Although the two events were separated in time, the facts show a continuing course of criminal conduct and a series of acts constituting a common scheme or plan — that is, appellant's activities in supplying

cocaine for each transaction. Accordingly, denial of the motion to sever was not an abuse of the trial court's discretion. See *Camp v. State*, 162 Ga. App. 857, 858 (3) (293 SE2d 389) (1982); see also *Floyd*, supra.

*Judgment affirmed. McMurray, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 5, 1991.

*Jeffrey R. Sliz*, for appellant.

*Thomas C. Lawler III, District Attorney, Daniel J. Porter, Assistant District Attorney*, for appellee.