A91A0986. STACY v. THE STATE.
(410 SE2d 812)

COOPER, Judge.

Appellant confessed to a series of burglaries which occurred in 1990 in a Gwinnett County neighborhood and was convicted by a jury of five counts of burglary, two counts each of aggravated assault, rape

and aggravated sodomy and one count of cruelty to children. He appeals the trial court's denial of his motion for new trial.

1. In his first enumeration of error, appellant contends his confession was not freely and voluntarily given; therefore, the trial court erred in admitting the confession over appellant's objection. Appellant asserts that the confession was obtained by the physically intimidating investigating officers and signed by him under the fear of bodily harm after one of the officers stated, "years ago if this right here would have happened, they would have jumped on you (appellant)." Appellant claims that he did not read the written statement, although the record reveals he had the ability to read, and that he thought he was signing statements about his background.

Prior to admitting the confession, the trial court conducted a *Jackson-Denno* hearing and determined, based on the testimony of the investigating officer, appellant and appellant's sister, a signed confession and a signed waiver of rights form, that appellant was advised of his rights and that he knowingly and intelligently waived them with no promise of benefit or threat of harm. The confession was a detailed account of five burglaries, including graphic descriptions of two violent sexual assaults, which was signed on each page by appellant. Moreover, the statement attributed to one of the officers quoted above was followed by the statement, "but we don't do that now." " ' "Factual and credibility determinations as to voluntariness of a confession are normally made by the judge at a suppression hearing, and must be accepted by appellate courts unless such determinations are clearly erroneous. [Cit.]" [Cit.]' [Cit.] In the case sub judice, the trial court did not abuse its discretion in discounting defendant's credibility. [The investigating officer's] testimony was sufficient to authorize a finding that defendant's statement was freely and voluntarily made. [Cit.]" *Blackmon v. State*, 197 Ga. App. 133, 134 (1) (397 SE2d 728) (1990).

2. Appellant contends that there was insufficient evidence to support the verdict on Counts III and IV in which appellant was charged with the burglaries of the homes of Janet Petty and Mary Sutton, respectively, and that his confession to those offenses was not corroborated by the evidence pursuant to OCGA § 24-3-53. Although appellant could not recall the specific dates of the break-ins, with regard to Count III, he confessed that he looked in a window of a home in the neighborhood in which he committed other burglaries; that he spotted a woman's purse on the kitchen table; that he broke a glass door with a hammer used in an earlier burglary; and, upon discovering that the door was secured by a deadbolt lock, left the house and discarded the hammer. Janet Petty testified that she heard the sound of breaking glass at her back door on the evening of March 30, 1990; that she discovered broken glass and concluded that the wind caused the

breakage; and that she later found another woman's purse in her yard. Appellant stated that immediately before he broke the glass door in the one home, he had stolen a purse from another home and that while running from that home in which he broke the glass door, he had "[thrown] the purse down" after finding no money in it. As to Count IV, appellant admitted that he was walking behind homes in the same subdivision; that he looked into a back door and saw a purse on a living room chair; that he went inside, as the door was unlocked, took $25 from the purse, replaced the purse on the chair and went home; and that while inside, he could hear children's voices. Mary Sutton testified that on April 4, 1990, she was at home with her child and her roommate's child; that she heard a noise downstairs and fled to a neighbor's home; that she had forgotten to lock the back door; and that money was missing from her purse. In both instances, we find that the evidence was sufficient to enable a rational trier of fact to find appellant guilty under both Counts III and IV beyond a reasonable doubt (*Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)) and that there was sufficient corroboration of appellant's confession. *Smith v. State*, 195 Ga. App. 486 (2) (393 SE2d 743) (1990).

3. Appellant argues that the trial court erred in denying his motion for directed verdict on the ground that there was a fatal variance between the allegation in Count XIII of the indictment, that appellant committed the offense of cruelty to children by raping and sodomizing Carolyn Plott in front of her son, Joel, and the proof, which revealed that the mother was raped and sodomized in another room of the same house, although she was beaten and threatened in front of the child. " 'A variance between the allegata and probata is not fatal unless it misinforms the defendant as to the charges against him or leaves him open to subsequent prosecutions for the same offense. (Cit.)' [Cit.] Since it does not appear that appellant was misled or prejudiced, it was not error for the trial court to deny appellant's motion for directed verdict." *Stinson v. State*, 197 Ga. App. 687, 689 (3) (399 SE2d 278) (1990).

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 19, 1991.

*Walter J. Clarke*, for appellant.
*Thomas C. Lawler III, District Attorney, Debra K. Turner, Assistant District Attorney*, for appellee.