A92A0116. DOBBS v. THE STATE.
(418 SE2d 443)

JOHNSON, Judge.

Henry Lewis Dobbs (Dobbs) was charged with armed robbery, two counts of aggravated assault, possession of a firearm by a convicted felon and possession of a firearm during commission of a crime. Dobbs, armed with a weapon, robbed a convenience store on the evening of January 12, 1990. While fleeing, he threatened two witnesses with the weapon. The charge of possession of a firearm by a convicted felon was severed from the trial of this case. The charge of possession of a firearm during the commission of a crime was merged by the trial court into the remaining counts of the indictment. After a jury trial, Dobbs was found guilty of the remaining charges, armed robbery and two counts of aggravated assault. The trial court denied Dobbs' motion for a new trial.

1. Dobbs alleges that the trial court erred in refusing to grant his motion for severance of the charges. He argues that because the charges of aggravated assault and armed robbery involved two different locations and two different victims they should be tried separately. It is clear from the facts of this case that the crimes were committed in order to accomplish a single criminal purpose and were part of a single scheme or plan. See *Bailey v. State,* 157 Ga. App. 222 (276 SE2d 843) (1981). " 'It is not an abuse of discretion in the interest of justice for the judge to refuse a motion for severance of the trial of multiple charges where the crimes alleged were part of a continuous transaction conducted over a relatively short time, and " . . . from the nature of the entire transaction, it would be almost impossible to present to a jury evidence of one of the crimes without also permitting evidence of another . . ." [Cits.]' " *Smith v. State,* 186 Ga. App. 303, 307 (2) (367 SE2d 573) (1988). The fact that the aggravated assaults were not committed contemporaneously with the robbery, but while leaving the scene, does not preclude those crimes from being properly

considered part of the incident. *Carter v. State,* 155 Ga. App. 840 (273 SE2d 417) (1980). The test for the court to consider is "[W]hether, in light of the number of offenses charged and the complexity of the evidence, the fact-trier will be able to distinguish the evidence and apply the law intelligently to each offense." [Cit.] *Smith,* supra at 307. We find that the trial court did not abuse its discretion in denying the motion for severance. See *Coats v. State,* 234 Ga. 659 (217 SE2d 260) (1975).

2. Dobbs further alleges that the trial court erred in failing to direct a verdict on all three counts. As to the armed robbery count, he asserts that a fatal variance existed between the wording of the indictment and the proof offered at trial rendering a verdict that was contrary to law. Count One of the indictment was drawn, in part, as follows: "with intent to commit theft, take property of another from the person *and* immediate presence . . . ." (Emphasis supplied.) The corresponding portion of OCGA § 16-8-41 (a) reads: "with intent to commit theft, he takes property of another from the person *or* the immediate presence of another. . . ." (Emphasis supplied.) Evidence presented at trial established that Dobbs reached over and took money directly out of the cash register, and not from (the person of) the clerk. Since no money was taken from the clerk *and* the immediate presence of the clerk, Dobbs contends that the verdict did not conform to the evidence presented with regard to that charge.

An indictment must adequately inform a defendant of the charges against him, so that the can effectively prepare a defense. " ' "Variance between the *allegata* and *probata* is not fatal unless it misinforms the defendant as to the charges against him or leaves him open to subsequent prosecutions for the same offense. (Cit.)" (Cit.) Since it does not appear that appellant was misled or prejudiced, it was not error for the trial court to deny appellant's motion for directed verdict.' [Cit.]" *Stacy v. State,* 201 Ga. App. 256, 258 (3) (410 SE2d 812) (1991). Similarly, we find that the use of an inappropriate conjunction in the indictment was not fatal and we affirm the trial court's denial of Dobbs' motion for a directed verdict on Count One.

Dobbs also contends that the trial court erred in failing to grant his motion for a directed verdict as to Counts Two and Three, which he claims were not proven beyond a reasonable doubt. Neither of the victims of the aggravated assaults, who had pursued Dobbs in the dark outside the store, was able to positively identify Dobbs. However, circumstantial evidence was presented with regard to these offenses which linked Dobbs to the scene. "The circumstantial evidence need not remove every possibility of innocence but depends upon reasonableness generally decided by the jury." *Strickland v. State,* 156 Ga. App. 475, 477 (3) (274 SE2d 823) (1980). See *Wheeler v. State,* 228 Ga. 402, 405 (185 SE2d 900) (1971). "A directed verdict of acquit-

tal will lie only where there is *no* evidence to support a contrary verdict. [Cit.]" *Hamm v. State,* 187 Ga. App. 318, 319 (370 SE2d 158) (1988). In light of the evidence presented, we find that the trial court correctly denied the motion for directed verdict as to Counts Two and Three.

3. Dobbs' third enumeration asserts that the trial court erred in denying his motion in limine seeking to exclude evidence of other robberies allegedly committed by him. The other robberies all involved convenience stores, and the witnesses testifying as to the similar transactions both identified Dobbs as the perpetrator of those crimes. " ' "Evidence of similar crimes is admissible where its relevance to show identity, motive, plan, scheme, bent of mind and course of conduct *outweighs* its prejudicial impact." (Cit.) [Cits.]' " *Pinson v. State,* 201 Ga. App. 555, 556 (1) (411 SE2d 564) (1991). Despite the different types of guns and disguises, we find that the crimes were similar enough to be admissible. All of the other incidents involved rural convenience stores, the use of weapons and disguises, and were committed within a month of the incident in this case. " ' "(T)here is no requirement that a previous offense be absolutely identical to the one being prosecuted so as to make it admissible." [Cit.]' " *Woolfolk v. State,* 202 Ga. App. 59, 61 (4) (413 SE2d 242) (1991). Consequently, the trial court did not err in denying Dobbs' motion in limine regarding similar transactions.

4. Finally, Dobbs contends that the trial court erred in its denial of his general demurrer and motion in arrest of judgment as to Counts Two and Three. He maintains that the indictment specified the charge of "Aggravated Assault" but was described as: "make an assault upon the person of *(victim)* with a handgun, a deadly weapon, by pointing said weapon at him." He claims that this created an ambiguity which rendered the charges indistinguishable from the misdemeanor charge of pointing or aiming a gun or pistol at another (OCGA § 16-11-102) forcing him to defend two crimes rather than one. As set forth in Division 2 above, the indictment serves to put the defendant on notice of the charges against him. It cannot be argued that the general language of the indictment would control over the specific charge contained therein so as to give rise to any confusion as to the nature of the offense. Preparing a defense to the lesser included offense of pointing a pistol at another would be intrinsic to any preparation of a defense to the aggravated assault charge. This enumeration is without merit.

*Judgment affirmed. Carley, P. J., and Pope, J., concur.*

DECIDED APRIL 29, 1992.

*Michael S. Katz,* for appellant.

*William A. Foster III, District Attorney, Donald N. Wilson, Assistant District Attorney,* for appellee.