## A92A1714. ANDERSON v. THE STATE.
(429 SE2d 128)

CARLEY, Presiding Judge.

By way of a single indictment, appellant was individually charged with three counts of selling cocaine, a co-indictee was individually charged with two counts of selling cocaine and they were both jointly charged with one count of selling cocaine. Appellant and the co-indictee were jointly tried and the jury returned guilty verdicts on all offenses. The convictions of the co-indictee were affirmed on appeal. *English v. State*, 205 Ga. App. 599 (422 SE2d 924) (1992). In the instant appeal, appellant appeals from the judgments of conviction and sentences entered by the trial court on the jury's verdicts of guilt.

1. The denial of the motion to sever appellant's trial from that of his co-indictee is enumerated as error.

It was not error to deny severance as to the count for which appellant and the co-indictee were jointly charged with selling cocaine. See generally *Story v. State*, 194 Ga. App. 187 (1) (390 SE2d 96) (1990). Likewise, it was not error to deny severance as to the counts wherein appellant and the co-indictee were individually charged with selling cocaine. "The facts show a course of criminal conduct, each involving the same place of occurrence, a very similar series of acts involved in each sale, and involving a group of undercover agents working closely together to ferret out drug activities. Such evidence showed a common scheme or plan and clearly warranted the common trial of each of the occurrences. [Cit.] Moreover, . . . there was no showing that a common trial would work any prejudice to the rights of either defendant. [Cit.] We find no abuse of discretion in the denial

of the motions to sever parties, [cit.]. . . ." *Camp v. State*, 162 Ga. App. 857, 858 (3) (293 SE2d 389) (1982). See also *Ledbetter v. State*, 202 Ga. App. 524, 525 (2) (414 SE2d 737) (1992); *Plemons v. State*, 155 Ga. App. 447, 448 (2A) (270 SE2d 836) (1980). Compare *Hayes v. State*, 182 Ga. App. 26 (1) (354 SE2d 655) (1987) (error in failure to sever entirely unrelated and totally dissimilar crimes).

2. Over a hearsay objection, the supervising officer was permitted to testify as to what he had been told by the investigating undercover officer. Since the investigating undercover officer was herself a witness at appellant's trial, it was not error to overrule the hearsay objection. *Miller v. State*, 260 Ga. 191, 193 (4) (391 SE2d 642) (1990). Compare *Miller v. State*, supra at 192 (2); *Momon v. State*, 249 Ga. 865 (294 SE2d 482) (1982).

3. The investigating undercover officer testified to her duties regarding contemporaneous documentation of the drug transactions in which she participated. Over objection, she was then allowed to testify, by reference to one of her contemporaneous records, as to the specifics of a drug transaction in which she and appellant had participated. The trial court did not err in allowing the witness to testify by reference to her records. See *Bridges v. Mut. Benefit Health &c. Assn.*, 49 Ga. App. 552, 553 (2) (176 SE 543) (1934). "The witness in this case in effect swore positively from [her contemporaneous records], and the trial court properly allowed the testimony. [Cit.]" *Cooper v. State*, 174 Ga. App. 464, 466 (3) (330 SE2d 402) (1985). See also *Mincey v. State*, 257 Ga. 500, 504 (6) (360 SE2d 578) (1987).

4. The trial court's failure to sustain an objection to certain evidence as having "no relevancy to this case" presents nothing for review. *Sultenfuss v. State*, 185 Ga. App. 47, 49 (4) (363 SE2d 337) (1987).

5. The remaining enumeration of error relates to an evidentiary ruling which has already been decided adversely to appellant's contentions in the appeal of his co-indictee. *English v. State*, supra at 599 (1).

*Judgments affirmed. Pope, C. J., and Johnson, J., concur.*

DECIDED MARCH 10, 1993.

*Sinnreich & Francisco, John R. Francisco*, for appellant.
*Willis B. Sparks III, District Attorney, Vernon R. Beinke, Assistant District Attorney*, for appellee.