A94A0110. CLARK v. THE STATE.
(444 SE2d 806)

BIRDSONG, Presiding Judge.

Johnny Lewis Clark appeals his convictions for possession of cocaine with intent to distribute, obstruction of an officer, and two counts of the sale of cocaine.

The State showed that on October 8, 1991, following a confidential informant's tip that a large black man wearing a yellow jump suit was selling crack cocaine on Cynthia Avenue, two Macon police officers drove to that location and saw appellant, whose appearance matched the description. When one officer asked appellant to approach, appellant grew irate and asked why the police were picking on him. Before approaching the police car, appellant stepped aside to another parked car and put his right hand in his pants. The other officer saw appellant throw down a plastic bag. Appellant then approached the police car, denied he had anything and said the police could search him. A pat-down search unleashed from appellant's pocket $280 in cash in tens and twenties. The plastic bag found where appellant had made a throwing motion contained 36 pieces of crack cocaine. Appellant left the scene while the police were looking for the plastic bag, and was later found on Ibec Street in Macon, in a house where police entry was blocked by appellant's relatives. When the officers tried to arrest appellant, he gouged and hit one officer on the

head with his fingers and his fist. Appellant finally surrendered when police told him they would get a warrant.

On November 26, 1991, an undercover officer approached Terrence Hill at the corner of Cynthia Avenue and Houston Avenue in Macon to buy crack cocaine. Hill had only three pieces but the officer wanted five, so Hill offered to go to Ell Street and get more. The officer drove Hill to Ell Street and Hill went into a yard to see appellant. The officer saw appellant give Hill a clear plastic bag. Hill returned to the officer and gave him six pieces of crack cocaine for $50.

On December 6, 1991, the same officer went to make a buy from appellant on Ell Street. He saw appellant outside a house and told appellant he wanted six pieces. On appellant's orders, an old man got some crack cocaine from the house and gave it to appellant, who gave six pieces to the officer for $60. *Held*:

1. On appeal of a criminal conviction, appellant no longer enjoys the presumption of innocence; the jury has determined the credibility of witnesses and has weighed the evidence; on appeal of the jury's conviction, we do not weigh the evidence or determine witness credibility but merely determine sufficiency of the evidence to support the conviction. *Feagin v. State*, 198 Ga. App. 460 (402 SE2d 80). Construing the evidence in favor of the jury's verdict, we find it sufficient to enable a rational trier of fact to find appellant guilty beyond a reasonable doubt of all the offenses charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. The trial court did not err in denying appellant's motion to sever trial of Counts 1 and 2 from Counts 3 and 4. The test for determining this issue is whether, in light of the number of offenses charged and the complexity of the evidence, the jury will be able to distinguish the evidence and apply the law intelligently to each offense. *Dobbs v. State*, 204 Ga. App. 83, 84 (418 SE2d 443). When offenses are based on the same conduct, on a series of connected acts, or on a series of acts constituting parts of a single scheme or plan, severance is discretionary, not mandatory, and the trial court may order severance if necessary to achieve a fair determination of the defendant's guilt or innocence on each count. *Villarreal v. State*, 198 Ga. App. 501 (402 SE2d 104). We do not agree that Counts 3 and 4 were joined solely because they were of the same or similar character. "Although the two events were separated in time, the facts show a continuing course of criminal conduct and a series of acts constituting a common scheme or plan — that is, appellant's activities in supplying cocaine for each transaction." Id. at 502-503. Moreover, the evidence shows a police operation to ferret out the drug activities on Cynthia Avenue in Macon and of appellant, within two months of his arrest on October 8 on Cynthia Avenue while in possession of a large amount of cocaine. *Anderson v. State*, 207 Ga. App. 717 (1) (429

SE2d 128). See also *Davis v. State*, 158 Ga. App. 549 (281 SE2d 305). Further, the separate drug sales showing appellant's drug activity at the same location and area within a short period of time would be admissible as "similar crimes," which refutes appellant's assertion of fatal prejudice in their joint prosecution. See generally *Williams v. State*, 261 Ga. 640 (409 SE2d 649). For all these reasons, denial of the motion to sever was not an abuse of the trial court's discretion.

3. Appellant contends the State did not prove venue as to Counts 3 and 4 for the sale of cocaine on Ell Street. While a court may judicially notice the location of cities within a county, it may not notice the location of streets in a city (*Harmon v. Harmon*, 209 Ga. 474 (2) (74 SE2d 75); *Collins v. State*, 172 Ga. App. 100 (321 SE2d 823)), and testimony of witnesses relating to certain streets which fails to specify the municipality or the county in which the streets were located is not sufficient to prove venue. *Patterson v. State*, 157 Ga. App. 233 (276 SE2d 900). But, " '[e]vidence as to venue, though slight, is sufficient where there is no conflicting evidence.' " *Johns v. State*, 239 Ga. 681, 682 (238 SE2d 372). The evidence shows that the first sale on Ell Street (November 26, 1991) originated at a corner of Cynthia Avenue in Macon, Bibb County, which was established as the location where appellant was first arrested for possession of cocaine with intent to distribute on October 8, 1991. Officers of the Macon Police Department were involved in all the cases, including the buys on Ell Street. There is no evidence these officers were acting outside their jurisdiction or authority, and there was no allegation that Ell Street lies in a county other than Bibb County. We therefore find the evidence sufficient to prove venue in Bibb County for the sales on Ell Street. *Salley v. State*, 199 Ga. App. 358 (1) (405 SE2d 260); *Beard v. State*, 193 Ga. App. 877 (1) (389 SE2d 384). See also *Melton v. State*, 252 Ga. 97 (311 SE2d 471); *Johns*, supra.

*Judgment affirmed. Cooper, J., concurs. Blackburn, J., concurs specially.*

BLACKBURN, Judge, concurring specially.

I concur in the judgment reached by the majority and with all that is said in the majority opinion with the exception of the discussion contained in Division 3 of that opinion. "[V]enue in criminal cases is a matter of jurisdictional fact, and like every other material allegation in the indictment must be proved [by the state] beyond a reasonable doubt." (Citations and punctuation omitted.) *Patterson v. State*, 157 Ga. App. 233, 234 (276 SE2d 900) (1981). The only evidence establishing venue in this case is that there was no evidence that the arresting officers were acting outside their jurisdiction and authority. I believe this is insufficient evidence to establish venue beyond a reasonable doubt and effectively shifts the burden of proof to

the accused to prove a lack of venue. Although I do not agree with the majority's opinion in this regard, I feel constrained to follow the outcome on this issue as this court has previously held such evidence sufficient to establish venue in criminal cases. See *Salley v. State*, 199 Ga. App. 358 (1) (405 SE2d 260) (1991); *Beard v. State*, 193 Ga. App. 877 (1) (389 SE2d 384) (1989).

DECIDED APRIL 7, 1994 —
RECONSIDERATION DENIED MAY 27, 1994.

*L. Elizabeth Lane*, for appellant.
*Charles H. Weston, District Attorney, Thomas J. Matthews, Assistant District Attorney*, for appellee.