A94A1385. OWENS v. THE STATE.
(445 SE2d 818)

BIRDSONG, Presiding Judge.

Dennis Owens appeals his conviction for three separate sales of cocaine to undercover agents, charged in three special presentments. He enumerates four errors below. *Held:*

1. The trial court did not err in denying appellant's motion for mistrial, which he made on grounds that the State impermissibly introduced his character in evidence by giving evidence of his prior cocaine sale convictions. This evidence was properly introduced to rebut appellant's statement at trial that "I don't mess around with no drugs." Appellant contends that proof that he had messed with drugs in the past did not rebut the statement actually made, which was that he does not now mess around with drugs. However, even if his statement did not introduce his character, it was a statement of moral tendency, it could be inferred to mean he had never messed with drugs, and it was capable of being rebutted by proof of his prior cocaine convictions. See *King v. State*, 203 Ga. App. 287 (2) (416 SE2d 842); *Mitchell v. State*, 158 Ga. App. 628, 630 (281 SE2d 260).

2. Appellant contends the trial court erred in denying his motion for mistrial made on grounds that a prosecution witness violated the

rule of sequestration when he was seen talking with other prosecution witnesses during a recess. We find no error. Whether to grant a mistrial in such instances is left to the sound discretion of the trial court. *Hicks v. State*, 256 Ga. 715 (352 SE2d 762). The trial court thoroughly inquired into whether the witnesses had discussed the evidence and determined that the witness had merely asked directions to the restroom. That one of the witnesses was a police officer does not make this exchange improper police conduct, nor is it cause for a mistrial. No actual harm was shown, or violation of the purpose of the sequestration rule.

3. Neither was appellant entitled to a mistrial because he alleged that one of the jurors was sleeping. The trial court inquired into the allegation and determined that no juror had been sleeping. As the allegation was incorrect or mistaken, it provided no grounds for mistrial and the trial court did not abuse its discretion in denying one. *Hicks*, supra.

4. The trial court did not err in denying appellant's motion to sever trial of the charges on grounds that the separate sales occurred at separate times and did not arise out of the same conduct. See OCGA § 16-1-7 (b); *Clark v. State*, 213 Ga. App. 313 (444 SE2d 806). Appellant was not entitled to separate trials of these charges as a matter of law; the decision rested on the trial court's determination whether a fair trial could be conducted and the separate charges understood by the jury. *Villarreal v. State*, 198 Ga. App. 501 (402 SE2d 104). We note, moreover, that the three sales occurred at the same location, which certainly shows a pattern of activity or related acts, and the evidence of the other sales could have been introduced at the trial of any of them, which negates any claim that appellant was impermissibly prejudiced by the trial of the charges together. *Clark*, supra; see *Williams v. State*, 261 Ga. 640 (409 SE2d 649).

5. Appellant contends the evidence was insufficient to support the convictions because in one instance appellant did not handle money or drugs in the sale, and that a conflict in the State witnesses' evidence is sufficient to create a reasonable doubt. However, the evidence shows that in the instance first referred to, appellant, on request, led the seller to the undercover officers to sell cocaine. As to whether a conflict in the evidence creates a reasonable doubt, this is the province of the jury. The jurors are the judges of credibility and weight of the evidence; they see and hear the witnesses and are better qualified to judge the reasonableness of a hypothesis or a doubt than is the appellate court. We examine not the weight but the sufficiency of the evidence. *Alexander v. State*, 199 Ga. App. 228 (404 SE2d 616). We have examined the evidence and find it sufficient to persuade the rational trier of fact of appellant's guilt of the offenses charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC

2781, 61 LE2d 560).

*Judgment affirmed. Blackburn, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JUNE 28, 1994.

*W. McCall Calhoun, Jr.*, for appellant.

*John R. Parks, District Attorney, Henry O. Jones III, Assistant District Attorney*, for appellee.