## A96A0029. PETTY v. THE STATE.
(470 SE2d 517)

POPE, Presiding Judge.

Defendant Darryl Scott Petty was convicted of possessing cocaine. On appeal, he challenges the sufficiency of the evidence against him.

Defendant was driving a car when two officers stopped him be-

cause he had a broken windshield. There were two other passengers in the car — one in the front passenger seat, and one in the middle of the back seat. The passengers had been watching television at the rooming house where defendant had been living, and defendant had invited them to take a ride and see the new apartment he had just rented. On the way over, the stop occurred.

When the officers stopped him, defendant emerged from his car, met the officers before they reached his vehicle, and admitted that he had no driver's license. The officers arrested defendant for driving without a license at that point, and when defendant could not contact friends to have them retrieve his vehicle, the officers impounded the car. As the officers began their impound inventory, they immediately discovered a yellow baggie containing crack cocaine which was sitting in plain view on the console between the front bucket seats. The baggie was closer to the driver's side, but all witnesses agreed it was accessible to the passengers as well as defendant.

Although it is unclear who owned the car, defendant had enjoyed control and possession of it for at least a month prior to his arrest. Defendant testified that he sometimes let a friend use the car, however, and that he may have done so about 24 hours before this incident.

Defendant and his passengers were all indicted and tried for possession of cocaine. The jury found defendant guilty and acquitted his two co-defendants.

Defendant argues that the evidence was insufficient based on the equal access rule, which entitles a defendant to acquittal where (1) the sole evidence of his possession of contraband is his possession of a vehicle in which the contraband is found and (2) others had equal access to the part of the vehicle where the contraband was found or the vehicle had been in the possession of others in the recent past. See *Fears v. State*, 169 Ga. App. 172 (1) (312 SE2d 174) (1983). In this case, however, defendant's possession of the vehicle was not the sole evidence of his possession of the cocaine. First, both of the passengers with equal access testified that the cocaine was not theirs. Although they did not know whether the cocaine belonged to defendant, their testimony was circumstantial evidence from which the jury could infer that the cocaine must have belonged to defendant.[1] And second, unlike other cases in which the equal access argument has been raised, there was evidence that the contraband here was in plain view, right next to the driver — from which the jury could have concluded that the driver had to be aware of its presence. Compare

---

[1] Defendant also testified that the cocaine was not his, but the jury evidently believed the passengers and did not believe him.

*Whipple v. State*, 207 Ga. App. 131 (427 SE2d 101) (1993) (contraband hidden in headrest); *In the Interest of C. A. A.*, 187 Ga. App. 691 (371 SE2d 247) (1988) (contraband hidden in envelope under seat). With respect to the friend who might have had recent possession, defendant's testimony was uncertain and equivocal, and the jury, which was properly charged on the equal access rule, could have discounted his testimony and decided the rule did not apply.

Viewed in a light favorable to the jury's verdict, the evidence was sufficient to enable rational jurors to conclude that defendant was guilty of possession of cocaine beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Andrews and Smith, JJ., concur.*

DECIDED APRIL 8, 1996.

*John G. Walrath*, for appellant.

*Robert E. Keller, District Attorney, M. Thomas Woodward, Assistant District Attorney*, for appellee.