A96A0674. LYLES v. THE STATE.
(472 SE2d 132)

POPE, Presiding Judge.

Having chosen a bench trial, defendant David Lyles was convicted of armed robbery by the judge. On appeal he enumerates several errors, including the improper admission of hearsay evidence. Although defendant's contention that the hearsay evidence was

improperly admitted is correct, we conclude this error was harmless in light of his properly admitted confession. As defendant's other enumerations of error are without merit, we affirm.

Two armed men wearing masks robbed a Days Inn, taking money and other items from the front desk clerk. A gun was left at the crime scene, and Lorenzo Young testified that he had given this gun to defendant five or six days before the armed robbery. This and other information gleaned from post-robbery interviews led to the arrest of defendant, who confessed that he and another man had committed the armed robbery of the Days Inn. Several days later, defendant asked to speak with the case investigator and told him where various items stolen from the hotel could be found.

1. Citing *Askea v. State*, 153 Ga. App. 849, 851 (3) (267 SE2d 279) (1980), defendant contends that the trial court should have suppressed his confession because the investigator told defendant that if he cooperated, the investigator would let the district attorney know of his cooperation and it might help him. See OCGA § 24-3-50. In *Askea*, we held that an investigator's statement that the defendant's cooperation "would probably help him in court" impermissibly held out some hope of benefit and rendered the defendant's inculpatory statement inadmissible. 153 Ga. App. at 851. But this case is more like *Gadson v. State*, 197 Ga. App. 315 (1) (398 SE2d 409) (1990). In *Gadson*, a detective told the defendant that he would let the district attorney know about the defendant's cooperation, and that this *might* result in a reduced sentence. No promises were made, and the defendant had signed a declaration that his statement was made without promise or hope of reward. Id. at 315-316. The investigator's statement in this case was quite similar to that of the detective in *Gadson*; and here, too, defendant signed a form acknowledging that he had not been promised anything. Accordingly, the trial court properly ruled that defendant's confession was not inadmissible on this ground. *Arline v. State*, 264 Ga. 843 (2) (452 SE2d 115) (1995). See also *Helton v. State*, 206 Ga. App. 600, 601 (426 SE2d 172) (1992); *Cline v. State*, 153 Ga. App. 576, 578 (4) (266 SE2d 266) (1980).

2. Defendant next argues that his in-custody statements should have been suppressed because the State failed to disclose in discovery the substance of his second statement regarding the location of stolen items. See OCGA § 17-16-4 (a) (1). A review of the documents the State provided defendant shows, however, that the substance of defendant's second statement *was* included in documents which described the located items and stated that defendant told the investigator these items could be found at that location. Thus, this enumeration of error is also without merit, and the trial court properly admitted defendant's inculpatory statements.

3. In six enumerations of error, defendant challenges the admis-

sion of hearsay evidence to explain the investigator's "course of conduct." Hearsay evidence is admissible to explain an investigating officer's conduct *only* when the officer's conduct is at issue and needs to be explained, and this is not one of those rare instances in which the officer's conduct is a matter of concern. *Teague v. State*, 252 Ga. 534 (1) (314 SE2d 910) (1984). Accordingly, the trial court erred in allowing this evidence.

Nonetheless, the erroneous admission of hearsay evidence is not harmful if it is highly probable that it did not contribute to the verdict. See id. at 537 (2). In this case, we have defendant's properly admitted statement in which he confessed that he committed the crime. Moreover, this was a bench trial. In admitting the evidence, the judge explicitly stated that he would consider it only for the limited purpose of explaining the investigator's course of conduct; even though he erred in admitting it at all, we see no reason to presume he considered it for other purposes. We therefore conclude that it is highly probable that admission of the challenged evidence did not contribute to the verdict and thus was not harmful.

4. Defendant next argues that the judge was not an impartial trier of fact because he had already heard the pre-trial motions and ruled against defendant on the *Jackson-Denno* issue. This argument is without merit. Nothing in the transcripts indicates any bias on the part of the trial judge in this case, and we certainly will not establish as a flat rule that a judge acting as a trier of fact in a bench trial cannot also hear the pre-trial motions. Moreover, we note that defendant failed to move for recusal (or to raise this issue in any other way) prior to his motion for new trial.

5. Defendant asserts that his trial counsel rendered ineffective assistance in failing to challenge the admissibility of defendant's statements. In light of our conclusion in Divisions 1 and 2 that defendant's statements were properly admitted, defendant cannot show prejudice from any failure on the part of his counsel in this regard.

6. Viewing the properly admitted evidence (i.e., including the statements of defendant but not the hearsay) in a light favorable to the judgment of conviction, it is sufficient to support the judge's finding of guilt. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Andrews and Smith, JJ., concur.*

DECIDED MAY 29, 1996.

*Susan D. Brown*, for appellant.
*Albert F. Taylor, Jr., District Attorney, Darrell E. Wilson, Mary E.*

*Moore, Assistant District Attorneys*, for appellee.