A97A2588. BAYER v. THE STATE.
(497 SE2d 266)

JOHNSON, Judge.

A jury found Brian Bayer guilty of driving under the influence of alcohol to the extent it was less safe to drive, speeding, and driving with an open container of alcohol. Bayer appeals. We affirm.

Viewed in the light most favorable to support the verdict, the evidence showed that Bayer went to a friend's house on the evening of the arrest. While there, Bayer drank beer. After leaving his friend's house, Bayer was stopped by a police lieutenant after his radar calculation and visual speed estimation showed Bayer traveling at approximately 60 mph in a 45 mph speed zone.

The officer testified that Bayer's vehicle smelled of alcohol, that Bayer had bloodshot, watery eyes, a flushed face, and slurred speech, and that Bayer fumbled for his license and had difficulty opening the glove box to produce his insurance card. The officer further stated that Bayer was unsteady on his feet. Bayer failed the horizontal gaze nystagmus test and the one-leg stand test. He then refused to take any further field sobriety tests and, after being read the implied consent warning, refused to take the state-administered breath test.

The police officer noticed a can of beer lying on the floorboard of the vehicle and what appeared to be beer dripping from the dashboard. Evidence of a similar transaction was admitted.

1. In his first enumeration of error, Bayer contends he was denied his constitutional right to a fair trial because the state's police officer, who was a witness for the state, spoke to defense witnesses during the course of the trial. At the motion for new trial hearing, it was shown that during the trial, Bayer's three witnesses were sitting in the hallway across from the doors leading into the courtroom. After the police officer testified, he left the courtroom and engaged in conversations with Bayer's witnesses. The officer said to Kenneth Bayer: "You must be Brian's brother," and continued with "I'm sorry to have to do what I have to do to your brother but it's my job." According to Kenneth Bayer, the officer continued talking about other matters and Kenneth Bayer felt uneasy. However, Kenneth Bayer admitted that the police officer did not talk about Kenneth Bayer's testimony.

While Bayer's witnesses claimed they were intimidated by the police officer and subsequently forgetful and distracted on the witness stand, there is no evidence that the officer in any way threatened or coerced Bayer's witnesses. See generally *Simmons v. State*, 155 Ga. App. 716 (1) (272 SE2d 506) (1980). Nor is there any evidence that the officer held Bayer's witnesses "captive" or that Bayer's witnesses asked the officer not to talk to them. Based on the facts in the record, Bayer was not denied his right to a fair trial. There has been no showing of harm, and the mere fact that one witness was a police officer does not make this exchange improper conduct. See *Owens v. State*, 213 Ga. App. 693 (2) (445 SE2d 818) (1994).

2. In his second enumeration of error, Bayer asserts that the police officer's conduct discussed in Division 1 violated the rule of sequestration. OCGA § 24-9-61 provides that in all cases either party

shall have the right to have the witnesses of the other party examined out of the hearing of each other. The Supreme Court of Georgia has held that the purpose of this rule is to prevent a witness who has not testified, or who has not completed his or her testimony, from overhearing and having his or her testimony affected by the testimony of another witness. See *Lackey v. State*, 246 Ga. 331, 334 (5) (271 SE2d 478) (1980). "The rule literally prohibits only witnesses from being examined in the hearing of each other." (Emphasis omitted.) *Johnson v. State*, 258 Ga. 856, 857 (4), n. 3 (376 SE2d 356) (1989); *Byrd v. Brand*, 140 Ga. App. 135, 136 (4) (230 SE2d 113) (1976) (witness allowed to testify after she had been seen eating lunch with the defendant).

Bayer does not allege that the police officer spoke with the witnesses about their testimony or that any witness heard his testimony. As in *Owens*, supra, this exchange did not violate the purpose of the rule of sequestration.

3. The trial court properly admitted evidence of a previous DUI offense into evidence as a similar transaction. Two conditions must be satisfied before evidence of independent crimes is admissible. First, there must be evidence that the defendant was, in fact, the perpetrator of the independent crime. Bayer does not contest this issue. Second, there must be sufficient similarity or connection between the independent crime and the offense charged so that proof of the former tends to prove the latter. *Goodwin v. State*, 222 Ga. App. 285, 286 (2) (474 SE2d 84) (1996). There is no requirement that the two transactions be identical in every respect. Id.

In the context of DUI cases, we have previously held that "[u]nlike assault or robbery or other crimes against the person or property of a victim and which can be committed under varying factual circumstances, the crime[ ] of . . . driving under the influence [is] essentially committed under the same factual circumstances. The type of vehicle driven or the degree or source of intoxication may vary, but it is the simple act of driving . . . while under the influence that establishes the commission of [the crime]. A prior act of driving . . . while in that condition would, regardless of any slight variance of circumstances, be relevant to prove bent of mind or course of conduct." *Kirkland v. State*, 206 Ga. App. 27, 28 (3) (424 SE2d 638) (1992).

In both the instant and the previous cases Bayer admitted drinking beer before driving, and in both cases the officer smelled beer. "Evidence of a prior DUI offense, regardless of the circumstances surrounding its commission, is logically connected with a pending DUI charge as it is relevant to establish that the perpetrator has the bent of mind 'to get behind the wheel of a vehicle when it's less safe for him to do so.'" *Fields v. State*, 223 Ga. App. 569, 571 (2) (479 SE2d

393) (1996). The trial court properly concluded that Bayer's prior offense was logically connected to the instant offense and relevant to establish Bayer's bent of mind and course of conduct in this case. Accordingly, the evidence was admissible.

4. In his fourth enumeration of error, Bayer asserts the evidence was insufficient to support the jury's verdict. We disagree. The evidence showed that, based on radar and the officer's visual estimation, Bayer was speeding; that he admitted to drinking alcohol earlier that evening; that an officer smelled the odor of alcohol in Bayer's vehicle; that an officer saw an open can of beer lying on the floorboard of the vehicle and beer dripping from the dashboard; that Bayer had bloodshot, watery eyes, a flushed face, and slurred speech; that Bayer fumbled for his license and had trouble opening the glove box to produce his insurance card; that Bayer was unsteady on his feet; that Bayer failed two field sobriety tests; and that he refused to take any further field sobriety tests.

On appeal, Bayer no longer enjoys the presumption of innocence, and this Court views the evidence in the light most favorable to support the verdict without speculating which evidence the jury chose to believe or disbelieve. *Gurlaskie v. State*, 196 Ga. App. 794 (1) (397 SE2d 66) (1990). Although Bayer recites all the evidence presented at trial which was favorable to him, we conclude there was sufficient evidence to enable a rational trier of fact to find him guilty beyond a reasonable doubt of driving under the influence of alcohol to the extent he was a less safe driver, speeding, and driving with an open container of alcohol under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *Strickland v. State*, 221 Ga. App. 120, 122 (5) (470 SE2d 508) (1996).

5. Based on our findings in Divisions 1-4, the trial court did not err in denying Bayer's motion for new trial.

*Judgment affirmed. Pope, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED FEBRUARY 9, 1998 —
RECONSIDERATION DENIED FEBRUARY 23, 1998

*Wallace C. Clayton, Amelia G. Pray*, for appellant.
*Ben F. Smith, Jr., Solicitor, Joel C. Pugh, Assistant Solicitor*, for appellee.