## A98A0922. FRUHLING v. THE STATE.
### (505 SE2d 47)

SMITH, Judge.

Daniel I. Fruhling was charged by accusation with driving under the influence of alcohol to the extent that it was less safe for him to drive, speeding, and exceeding the maximum posted speed limit. Counts 2 and 3 were nol prossed by the State, and a jury found Fruhling guilty on the remaining count. His motion for new trial as amended was denied, and he appeals. We find no error and affirm.

1. Fruhling asserts the general grounds. Construed in favor of the jury's verdict, the evidence shows that a Gwinnett County police officer was on patrol in the county when he met Fruhling driving toward him. Fruhling executed a U-turn and sped away. The officer estimated Fruhling's speed at 50-55 mph in a 45-mph zone, and the patrol car's radar registered his speed at 60 mph. After the officer pulled Fruhling over, he observed that Fruhling was unsteady on his feet, his speech was slightly slurred, his eyes were bloodshot, dilated, and slow to respond to light, and he had an odor of alcohol on his breath. When the officer asked Fruhling how much he had to drink, he "said he had two." The officer then performed five field sobriety tests on Fruhling. Fruhling was able to recite the alphabet, although very slowly, but he failed the horizontal gaze nystagmus test, the leg lift test, the finger-to-nose test, and the walk-and-turn test. The alco-sensor test was positive for the presence of alcohol on Fruhling's breath. The officer also testified that, based on his training and experience in over 2,000 DUI arrests, Fruhling was under the influence of alcohol to the extent that he was a less safe driver.

The transcript reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of driving under the influence of alcohol. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); see *Lewis v. State,* 214 Ga. App. 830, 832 (1) (449 SE2d 535) (1994).

2. Fruhling asserts the trial court erred in denying his motion in limine to suppress testimony by the officer that he refused to submit to the Intoxilyzer breath test. The officer testified that while Fruhling verbally agreed to take the test, he repeatedly refused to blow into the machine hard enough to produce a valid sample. This constituted evidence of a "non-verbal refusal." *Allen v. State,* 229 Ga. App. 435, 437-438 (494 SE2d 229) (1997). The trial court did not err in denying Fruhling's motion in limine.

3. Fruhling contends the trial court violated his right of confrontation by admitting into evidence two Georgia Bureau of Investigation certificates of inspection of the Intoxilyzer machine under the business records exception and OCGA § 40-6-392 (f). This contention is controlled adversely to Fruhling by the Supreme Court of Georgia's decision in *Brown v. State*, 268 Ga. 76 (485 SE2d 486) (1997). While Fruhling relies on *Miller v. State*, 266 Ga. 850 (472 SE2d 74) (1996), the Supreme Court expressly distinguished that decision in *Brown*.

4. Fruhling complains of the portion of the trial court's charge to the jury stating that "evidence as to the manner of driving, including excessive speed, may be taken into account where there is evidence that the defendant has been drinking" in determining whether a defendant is a less safe driver. It is not error to charge the jury that a defendant's manner of driving may be taken into account. *Smith v. State*, 202 Ga. App. 701, 702-703 (2) (415 SE2d 495) (1992), disapproved on other grounds, *State v. O'Donnell*, 225 Ga. App. 502, 505 (2) (484 SE2d 313) (1997). "Evidence as to the manner of driving, including excessive speed, may be taken into account where there is evidence that the defendant has been drinking, for the purpose of determining whether or not his manner of driving shows him to have been affected by the intoxicant to the extent that he drives less safely and carefully than he might otherwise have done, and for this purpose evidence of travel in excess of the legal rate of speed may be considered." (Citation and punctuation omitted.) *Duggan v. State*, 225 Ga. App. 291, 293 (483 SE2d 373) (1997). As noted in Division 1, evidence was submitted to the jury that Fruhling exceeded the speed limit by 15 mph; this charge therefore was adjusted to the evidence and was not error.

5. Fruhling also complains of a portion of the charge to the jury in which the trial court referred to a "chemical trial" instead of a "criminal trial." But this use of a single incorrect word is obviously a mere verbal slip or a transcription error, considering the similarity in the sound of the two words. An erroneous charge does not warrant reversal in the absence of harm, considering the jury instructions as a whole, and "a mere verbal inaccuracy in a charge, which results from a palpable 'slip of the tongue,' and clearly could not have misled or confused the jury is not reversible error." (Citations and punctuation omitted.) *Williams v. State*, 267 Ga. 771, 773 (2) (a) (482 SE2d 288) (1997).

*Judgment affirmed. Johnson, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JULY 22, 1998.

*Wayne L. Burnaine*, for appellant.

*Gerald N. Blaney, Jr., Solicitor, William F. Bryant, Assistant Solicitor,* for appellee.