## A99A1368. ENLOE v. THE STATE.
### (520 SE2d 925)

JOHNSON, Chief Judge.

Following a bench trial, Patrick Enloe was convicted of driving under the influence of alcohol and failing to maintain a single lane. He appeals, challenging the sufficiency of the DUI evidence and the admission of similar transaction evidence. The challenges are without merit.

1. Enloe claims the state did not present sufficient evidence to support his DUI conviction. On appeal, the evidence must be viewed in the light most favorable to support the trial court's judgment and the appellant is no longer presumed innocent. *Lucas v. State*, 234 Ga. App. 534-535 (1) (507 SE2d 253) (1998).

Viewed in favor of the judgment, the evidence shows that at 2:30 one morning two police officers were driving in a marked police car on a two-lane road when Enloe came speeding around a curve in the opposite direction. Enloe was so far across the road's centerline that the officers had to pull their car off the road to avoid being hit. The officers turned their car around and chased Enloe, who continued driving at a very high rate of speed. When they eventually stopped his car, the officers smelled a strong odor of alcohol on Enloe's breath and saw several open beer cans in the front passenger seat. Enloe stumbled as he got out of his car. He consented to a breath test, but the test results were not admitted into evidence. According to one of the officers, Enloe's driving ability was definitely impaired and he was unable to maintain control over his vehicle because he was under the influence of alcohol.

Prior to his arrest in this case, Enloe was involved in another DUI incident in which he had opened and unopened beer bottles on the front passenger side of the vehicle he was driving, had a strong odor of alcohol about him and was unable to keep his balance during field sobriety tests. Evidence was also admitted of another DUI incident that occurred after Enloe's arrest in the instant case. In this later DUI incident, Enloe again had trouble keeping the vehicle he

was driving in a single lane, was seen drinking a beer in the vehicle after he stopped in a parking lot, staggered as he got out of the vehicle and smelled strongly of alcohol.

Based on the evidence, we conclude that a rational trier of fact could have found beyond a reasonable doubt that Enloe was guilty of driving under the influence of alcohol to the extent he was a less safe driver. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Fruhling v. State*, 233 Ga. App. 544 (1) (505 SE2d 47) (1998); *Bayer v. State*, 230 Ga. App. 708, 711 (4) (497 SE2d 266) (1998).

2. Enloe argues the trial court erred in admitting evidence of the two similar DUI incidents because the evidence was unduly prejudicial and was not admitted for a proper purpose. We disagree with the arguments.

> The decision to admit prior similar transaction evidence is within the discretion of the trial court and will not be disturbed absent an abuse of discretion. Although the general character of an accused is inadmissible unless he chooses to put his character in issue, where an accused is on trial for the commission of a crime, proof of a distinct, independent and separate offense is admissible if there is sufficient logical connection between the two from which it can be said the proof of one tends to establish the other. Prior acts of driving under the influence are relevant to prove bent of mind or course of conduct in a subsequent DUI case. Evidence of a prior DUI offense, regardless of the circumstances surrounding its commission, is logically connected with a pending DUI charge as it is relevant to establish that the defendant has the bent of mind to get behind the wheel of a vehicle when it is less safe for him to do so.

(Citations omitted.) *Smith v. State*, 236 Ga. App. 548, 552 (3) (512 SE2d 19) (1999).

Here, the two other DUI incidents involving Enloe were very similar to the DUI in this case and were admissible for the purposes of showing his bent of mind and course of conduct. "[I]t is well settled that in a bench trial the court has broader discretion in admitting evidence than in cases where a jury is involved. [Cit.]" *Davis v. State*, 189 Ga. App. 412, 413 (2) (376 SE2d 421) (1988). The trial court did not abuse its discretion in admitting the similar transaction evidence. See *Bayer*, supra at 710-711 (3); *Fields v. State*, 223 Ga. App. 569, 570-571 (2) (479 SE2d 393) (1996).

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED JULY 22, 1999 —
RECONSIDERATION DENIED AUGUST 4, 1999 

*Monte K. Davis*, for appellant.

*Carmen Smith, Solicitor, Jody L. Peskin, Phillip Jackson, Assistant Solicitors*, for appellee.