A00A2323. EVANS v. THE STATE.
(545 SE2d 641)

JOHNSON, Presiding Judge.

After a jury trial, Alvin Evans was found guilty of possession of cocaine. He challenges the sufficiency of the evidence to support the conviction, and the trial court's admission of a statement he made to police upon his arrest. Inasmuch as both challenges are without merit, we affirm his conviction.

---

Viewed in a light most favorable to the verdict, the evidence shows that police obtained a warrant to search Evans' car. Officers secured Evans nearby while the search of the car took place. During the search, one of the detectives found a bag containing sixteen pieces of suspected crack cocaine tucked into the car's front bumper. A few inches beneath that bag, attached to the inside of the front bumper, the detective found a magnetic "hide-a-key" box. The magnetic box had a white powdery residue in it. Inside the car was a smoking pipe, scales with a white powdery substance on them, loose cash, clear plastic bags, a pager, and documentation showing that Evans owned the car.

After Evans was arrested, the detective read him the *Miranda* warning. When the detective asked Evans whether he understood his rights, Evans replied that he did. According to the detective, Evans did not ask for an attorney, did not invoke his right to remain silent, was not beaten or coerced into making a statement, and was not promised anything of value or given any hope of benefit in exchange for a statement.

Before Evans made a statement, the detective told him that he desired and would appreciate Evans' cooperation in the investigation and that "his cooperation would be favorable as far as this investigation went." The detective specifically told Evans, however, that legally he could not, and would not, make any promises to him.

Evans then gave the detective his statement, which the detective reduced to writing. Evans signed the statement, admitting therein that he was "responsible for all items within . . . the vehicle," and "for the hide-a-key box attached to the fender which contained some cocaine." In the signed statement, Evans specifically stated that he is familiar with his *Miranda* rights and is able to read and write. At the time he signed the document, Evans agreed with the detective that the statement was accurate as written.

1. Evans contends the evidence was insufficient to convict him because there was no evidence that he actually possessed cocaine. He argues that the only evidence actually tested and proven to be cocaine was the bag of crack cocaine found tucked into the car's bumper. He maintains that there were other people in the area and that any of them could have tucked the bag into the bumper. Evans further urges that the items he constructively possessed, namely, the key box and the items found inside the car, were not tested and not proven to contain cocaine.

Contrary to Evans' claim, the equal access rule does not require a reversal. The equal access rule entitles a defendant to acquittal where (1) the sole evidence of his possession of contraband is his possession of a vehicle in which the contraband is found and (2) others had equal access to the part of the vehicle where the contraband was

found or the vehicle had been in the possession of others in the recent past.[1]

First, Evans has not shown by the record evidence that others had equal access to his car or that his car had recently been in the possession of anyone else. The detective, the only witness who testified about the search site, stated that when he arrived on the scene, he did not recall seeing anyone in the immediate area other than police officers and Evans; within a few moments he noticed other people "coming up . . . to observe what was transpiring." Based on the evidence presented, the jury would have been authorized to reject Evans' equal access argument.[2]

Second, the fact that Evans possessed the vehicle was not the only evidence that he possessed cocaine. Evans admitted to police that he possessed the key box and that the key box contained cocaine. In addition, the key box was found inside the bumper, just inches away from the bag of crack cocaine. And, Evans admitted possessing the drug-related items found inside the car. In this case, there was direct and circumstantial evidence supporting a finding of possession that went beyond the inference of constructive possession which arises from ownership alone. Under these circumstances, the evidence was sufficient to find Evans guilty beyond a reasonable doubt of possession of cocaine.[3]

2. Evans argues that his statement to police, in which he admitted possessing the key box and all items found inside the car, is inadmissible because the detective obtained the statement by improperly promising to confer upon him a benefit. We disagree.

The detective specifically testified that he did not promise Evans lenient treatment or a lighter sentence for his cooperation. The detective told Evans that he could not and would not make any promises, just that any cooperation would be favorable to the investigation. The trial court found that Evans' statement was made voluntarily without the slightest hope of benefit.

For a confession to be admissible, it must have been made voluntarily, without being induced by another by the slightest hope of benefit or the most remote fear of injury.[4] The promise of a benefit that will render a confession involuntary under OCGA § 24-3-50 must relate to the charge or sentence facing the suspect.[5] The phrase "hope of benefit" generally means the reward of a lighter sentence.[6]

---

[1] *Petty v. State*, 221 Ga. App. 125, 126 (470 SE2d 517) (1996).
[2] *Brown v. State*, 245 Ga. App. 149, 153 (4) (537 SE2d 421) (2000).
[3] See id.
[4] OCGA § 24-3-50.
[5] *Sparks v. State*, 232 Ga. App. 179, 184 (4) (501 SE2d 562) (1998).
[6] Id.; *Cooper v. State*, 256 Ga. 234, 235 (2) (347 SE2d 553) (1986).

Georgia's appellate courts have held that an officer is not offering a suspect a hope of benefit by telling him that his cooperation will be made known to others, e.g., the trial judge.[7] And, we have held that a confession is not tainted because a suspect confesses only after the officer tells him, "I want to help you,"[8] or after the officer says that if the suspect cooperates, he will inform the prosecutor and "it might help him."[9] We have also upheld the admission of a confession where the officers told the suspect that they would tell the prosecutor about his cooperation and that this *might* result in a reduced sentence, but that they were making no promises and had no authority to make any promise of leniency.[10]

When a trial court holds a suppression hearing and determines the voluntariness of a confession, that determination will be upheld unless it is clearly erroneous.[11] In this case, we cannot say that the trial court's decision to admit the statement was clearly erroneous.[12]

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED FEBRUARY 16, 2001.

*William C. Bushnell,* for appellant.

*Harry N. Gordon, District Attorney, William W. Tanner, Assistant District Attorney,* for appellee.

[7] *Gilliam v. State*, 268 Ga. 690, 692 (3) (492 SE2d 185) (1997).
[8] *Cooper*, supra.
[9] *Lyles v. State*, 221 Ga. App. 560, 561 (1) (472 SE2d 132) (1996).
[10] *Gadson v. State*, 197 Ga. App. 315 (1) (398 SE2d 409) (1990).
[11] *Leigh v. State*, 223 Ga. App. 726, 727 (1) (478 SE2d 905) (1996).
[12] See *Wiley v. State*, 245 Ga. App. 580, 582-583 (3) (538 SE2d 483) (2000).