## A02A0719. SUSMAN v. THE STATE.
### (567 SE2d 736)

PHIPPS, Judge.

A jury found David M. Susman guilty of one count of driving under the influence of alcohol to the extent that he was less safe to drive (DUI) and two counts of violating the Georgia Controlled Substances Act for possessing marijuana and methamphetamine. He challenges the sufficiency of the evidence. Because the record reveals sufficient evidence, we affirm.

The evidence at trial showed that at about 12:50 a.m. on November 20, 1998, a law enforcement officer stopped the car that Susman was driving. Dorene Hix was a passenger. The officer asked Susman to exit the vehicle. Before complying, Susman retrieved a bag of marijuana from the car's console and tossed it to Hix, who tried to hide it underneath the seat. She remained seated in the car.

Susman exited the car, and the officer observed that he was unsteady on his feet, had an odor of alcohol about his person, and had glassy, red eyes. An alco-sensor test indicated the presence of alcohol in Susman's breath. Susman had problems reciting the alphabet, and his eyes were "jumpy" during a horizontal gaze nystagmus test. The officer arrested Susman for DUI.

The officer returned to the car and asked Hix to exit. As she did, the officer saw the marijuana on the passenger floorboard. He arrested Hix. During an inventory search of the car, the officer found two "baggies" of methamphetamine tucked inside a Marlboro cigarette pack, which was lying on the car's console area. He found marijuana in a pocket of Susman's jacket, which was lying across the front seat. Also in the jacket pocket were a set of postage scales and a pack of rolling papers, items which the officer testified were commonly found in marijuana cases. He found a partly consumed 24-ounce bottle of beer on the backseat.

About an hour after the stop, Susman underwent Intoxilyzer tests, which registered his blood alcohol level at 0.094 and 0.097 grams.

At trial Hix denied that the drugs were hers. Susman admitted owning the marijuana he had taken from the console, the scales, and

the rolling papers. He also admitted that around the time of the arrest, he was a marijuana and Marlboro cigarette smoker. He stated that he always kept the empty Marlboro packs and that the Marlboro pack found in the console area possibly belonged to him. He denied, however, owning the methamphetamine and the marijuana found in his jacket. Susman testified that he consumed one beer at about 8:00 that night and that after midnight, he consumed some of the beer from the beer bottle found in the car.

1. Susman contends that the evidence was insufficient to sustain his possession convictions because Hix had equal access to the car.

The equal access rule entitles a defendant to acquittal where "(1) the sole evidence of his possession of contraband is his possession of a vehicle in which the contraband is found and (2) others had equal access to the part of the vehicle where the contraband was found or the vehicle had been in the possession of others in the recent past."[1] Here, Susman's possession of the car was not the only evidence of his possession of the contraband found in it. Susman admitted that he owned some of the marijuana and the items associated with that drug and that he was a marijuana smoker. Hix testified that the drugs were not hers, and her testimony was circumstantial evidence from which the jury could infer that the marijuana and the methamphetamine must have belonged to Susman.[2] Because there was evidence other than possession of the car, it was for the jury to determine whether Susman was guilty of the possession charges.[3]

We do not weigh the evidence or assess the credibility of witnesses, but only determine whether the evidence, viewed in a light most favorable to the verdict, was legally sufficient under the standard of *Jackson v. Virginia.*[4] We find that the evidence was sufficient to authorize a rational trier of fact to find beyond a reasonable doubt that Susman was guilty of two counts of violating the Georgia Controlled Substances Act for possessing marijuana and methamphetamine.[5]

2. Susman contends that the evidence was insufficient to sustain his conviction of DUI to the extent that he was a less safe driver, a violation of OCGA § 40-6-391 (a) (1), claiming that there was no evidence that he committed any unsafe act. But there is no requirement that the driver actually commit an unsafe act to violate OCGA § 40-

---

[1] *Petty v. State*, 221 Ga. App. 125, 126 (470 SE2d 517) (1996); see *Fears v. State*, 169 Ga. App. 172 (1) (312 SE2d 174) (1983).

[2] See *Petty*, supra.

[3] *Fears*, supra at 174.

[4] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Petty*, supra at 127.

[5] *Evans v. State*, 248 Ga. App. 99, 100-101 (1) (545 SE2d 641) (2001); *Ellison v. State*, 233 Ga. App. 637, 638-640 (2) (504 SE2d 779) (1998); *Petty*, supra at 126-127.

6-391 (a) (1).[6] A violation occurs if the driver is "[u]nder the influence of alcohol to the extent that it is less safe for the person to drive,"[7] and the State must prove impaired driving ability.[8]

The State produced evidence that, at the time of the stop, Susman had glassy, bloodshot eyes, was unsteady on his feet, and smelled of alcohol. In field sobriety tests, his eyes were "jumpy," alcohol was revealed in his breath, and he had trouble reciting the alphabet. Intoxilyzer tests showed that Susman had a blood alcohol level of approximately 0.09 grams, and Susman admitted that he had been drinking alcohol that evening. We conclude that a rational trier of fact was authorized to find beyond a reasonable doubt that Susman was driving while impaired by alcohol to the extent that he was a less safe driver.[9]

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED JUNE 24, 2002.

*Brian M. House*, for appellant.
*Herbert E. Franklin, Jr., District Attorney*, for appellee.

---

[6] *Duren v. State*, 252 Ga. App. 257, 259 (555 SE2d 913) (2001); *Vaughn v. State*, 243 Ga. App. 816, 819 (2) (534 SE2d 513) (2000).
[7] OCGA § 40-6-391 (a) (1); see *Duren*, supra at 259-260.
[8] *Duren*, supra at 259.
[9] *Jackson*, supra; see *Duren*, supra at 259-261; *Bayer v. State*, 230 Ga. App. 708, 711 (4) (497 SE2d 266) (1998).