## A02A2093. KANTORIK v. THE STATE.
(572 SE2d 690)

MILLER, Judge.

After a bench trial based in part on stipulated facts, Ronald Kantorik was convicted of trafficking in methamphetamine and obstruction of an officer. On appeal Kantorik argues that the trial court erred in denying his motion to suppress, and that the evidence was insufficient to support his trafficking conviction. We affirm.

The undisputed evidence showed that officers received information from a confidential informant that a white male with the first name of Ron would be transporting from Henry County to a restaurant in Clayton County one-half pound of methamphetamine in a red Mazda vehicle with a dealer drive-out tag. In addition to providing a physical description of Ron, the informant further relayed to officers that Ron would be the passenger in the vehicle and that a named white female would be the driver. Based on this information, and after a phone call from the informant stating that the vehicle had arrived at the restaurant, officers stopped the vehicle (despite Kantorik telling the driver not to stop) and asked the driver for her driver's license and proof of insurance. While the officer was speaking with the driver, Kantorik fled. On the floorboard of the passenger side of the vehicle officers observed, in plain view, a clear plastic bag containing what was later determined to be 0.52 pounds of methamphetamine.

1. Kantorik contends that the court erred in denying his motion to suppress.

> While the trial court's findings as to disputed facts in a ruling on a motion to suppress will be reviewed to determine whether the ruling was clearly erroneous, where the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, the trial court's application of the law to undisputed facts is subject to de novo appellate review.

(Citations omitted.) *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994).

Specifically, Kantorik argues that the information supplied by the confidential informant was insufficient to support a stop of his vehicle. Whether the information obtained from an informant is sufficient is not to be judged by any rigid test. *State v. Burnett*, 249 Ga. App. 334, 336 (2) (548 SE2d 443) (2001).

> Generally, probable cause is determined by the totality of the circumstances surrounding (1) the basis of the informant's knowledge and (2) the informant's veracity or reliability. A deficiency in one may be compensated for, in determining the overall reliability of a tip, by a strong showing as to the other, or by some other indicia of reliability.

(Citations and punctuation omitted.) Id. at 336-337 (2). In this case, the informant had previously provided information to police leading to contraband and the prosecution of a suspect. Compare id. at 337 (2). In addition, officers were able to personally observe some details given by the informant prior to the stop including the make of the vehicle, what type of tag it bore, the vehicle's occupants, and the vehicle's location. Based on the totality of the circumstances, the information provided by the confidential informant was sufficient to supply probable cause to support the stop and search of Kantorik's vehicle. *Meadows v. State*, 247 Ga. App. 634, 636-637 (1) (545 SE2d 76) (2001). Thus, the trial court did not err in denying the motion to suppress.

2. Kantorik argues that there is insufficient evidence to prove that he had possession of the drugs[1] because the driver of the vehicle had equal access. The equal access rule "entitles a defendant to acquittal where (1) the sole evidence of his possession of contraband is his possession of a vehicle in which the contraband is found and (2) others had equal access to the part of the vehicle where the contraband was found or the vehicle had been in the possession of others in the recent past." (Citation omitted.) *Petty v. State*, 221 Ga. App. 125, 126 (470 SE2d 517) (1996). In this case, Kantorik's possession of the vehicle was not the sole evidence of his possession underlying the trafficking charge. Compare id. at 126-127; see *Moreno v. State*, 204 Ga. App. 463 (1) (419 SE2d 735) (1992). Here, the court was correct in finding that the equal access rule did not apply as (1) Kantorik was the owner of a vehicle in which drugs were found and a passenger, (2) the driver stated that the drugs did not belong to her, (3) the drugs were in plain view on the passenger side of the vehicle where

---

[1] Under OCGA § 16-13-31 (e), "[a]ny person who knowingly sells, manufactures, delivers, or brings into this state or has possession of 28 grams or more of methamphetamine . . . commits the felony offense of trafficking in methamphetamine. . . ."

Kantorik was sitting, and (4) Kantorik told the driver not to stop and fled the scene when approached by officers (see *Hawkins v. State*, 249 Ga. App. 26, 27-28 (1) (546 SE2d 280) (2001) (finder of fact was authorized to consider evidence that defendant fled in evaluating his consciousness of guilt)). See *Petty*, supra, 221 Ga. App. at 126-127. Thus, the evidence was sufficient for a rational trier of fact to find Kantorik guilty of trafficking in methamphetamine beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Blackburn, C. J., and Johnson, P. J., concur.*

DECIDED OCTOBER 9, 2002.

*John A. Beall IV*, for appellant.
*Robert E. Keller, District Attorney, Chad M. Doleac, Assistant District Attorney*, for appellee.