A02A2065. COOPER v. THE STATE.
(572 SE2d 417)

ELDRIDGE, Judge.

A Gwinnett County jury found Johnny Cooper guilty of one count of forgery in the first degree and two counts of forgery in the second degree. Cooper appeals from the judgment of conviction and sentences entered by the trial court on the jury's guilty verdicts. Cooper enumerates as error the sufficiency of the evidence and the denial of his motion in limine. Finding no error, we affirm.

Viewed in the light most favorable to the verdict,[1] the evidence shows that Cooper and his girlfriend, Nadine Ross, were employed for approximately three months by Insulation Division, Inc. a/k/a IDI. During his employment with IDI, Cooper went by the name of Johnny Slaton. Cooper's employment was terminated, and Ross failed to show up for work on the second work day subsequent to Cooper's termination. Richard Manietta, vice-president of operations of IDI, testified that he was unsure of the exact date of Cooper's termination but it was in September or early October 2001 and prior to the events related to the charges against Cooper. Manietta further testified that several days after their departure, he discovered that ten blank checks were missing from the payroll account.

On October 2, 2001, Cooper and Ross went to the Jimmy Carter Boulevard branch of the Bank of America. Cooper waited in the car while Ross went inside to cash a check. The check was in the amount of $485.97. While the check showed Ross as the payee, the teller noticed that the name appearing as the owner of the account on the check did not correspond with the owner of the account as listed in the bank records; the check showed IDI Installation as the account owner while the bank records showed the correct owner as Epix 6 Incorporated. The teller also noted that Ross's signature on the back of the check looked similar in writing to the signature of the payor on the front of the check and that the numerical sequence of the check

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

presented by Ross was out of order; the check presented by Ross had a four-digit number while the sequence of checks were seven-digit numbers.

As the teller left the window to speak with her supervisor, Ross asked the teller to return the check and her identification. The teller testified that after she refused to return the check and Ross's identification, Ross waited inside the bank for a few minutes and then went outside the bank into the parking lot. When the teller and the bank manager followed Ross outside into the parking lot to attempt to get her tag number, Ross, who was standing by the car in which Cooper was seated in the driver's seat, started yelling at the teller demanding her identification back. After Cooper and Ross left the bank, the bank manager confirmed with IDI that the check had not been issued by IDI and was in fact fraudulent.

Later in the day Cooper and Ross returned to retrieve Ross's identification. Once again, Cooper waited in the car while Ross went into the bank. When Ross asked the same teller for her identification, the teller told her they were locked in the vault and she would have to wait for the manager. The bank manager returned a few minutes later and told Ross he would retrieve her identification from the vault. However, when the bank manager walked to the back of the bank, instead of the front where Ross thought the vault was located, Ross decided that the manager had left to call the police and exited the bank. After talking with Cooper who was still in the car, Ross went back inside the bank and asked one of the tellers to assist her in determining the status of the recovery of her identification. While Ross was waiting, Cooper entered the bank and told her that they needed to leave. At this point, the police arrived, and Cooper and Ross were placed under arrest.

In Ross's purse, police officers found two more checks similar to the one she had attempted to cash. One of these checks in the amount of $497.11 was made out to Johnny Slaton, the name Cooper had used when working at IDI, and the other check in the amount of $489.11 was made out to Ross. Cooper's wallet contained $471 in cash, folded carefully and kept separate from a small amount of money also in his wallet.

In the portion of his videotaped statement played to the jury, Cooper asked Detective Beining, "[w]hat it would be worth to bust the whole ring?" and stated that he "could turn the whole thing over." Cooper further stated that he was just a small part and that he paid a portion of each check to the organization. Cooper went on to describe how the checks were made and stated that he could put the detective in touch with someone who worked in a bank and was making the checks. Detective Beining testified at trial that when he told Cooper he was being arrested for forgery, Cooper expressed surprise

at being arrested "just for driving the car. Even though I knew what she was going to do."

1. Cooper enumerates as error the admission of his custodial statement into evidence, claiming it was induced by hope of benefit of a lesser sentence in that Detective Beining stated to Cooper that he was going to be the prosecuting officer and that he would like to be able to tell the judge that Cooper was honest and cooperated with him.

OCGA § 24-3-50 holds that for a confession to be admissible, "it must have been made voluntarily, without being induced by another by the slightest hope of benefit or remotest fear of injury."

> The promise of a benefit that will render a confession involuntary under OCGA § 24-3-50 must relate to the charge or sentence facing the suspect. [*Sparks v. State*, 232 Ga. App. 179, 184 (4) (501 SE2d 562) (1998).] The phrase "hope of benefit" generally means the reward of a lighter sentence. [Id.; *Cooper v. State*, 256 Ga. 234, 235 (2) (347 SE2d 553) (1986).] Georgia's appellate courts have held that an officer is not offering a suspect a hope of benefit by telling him that his cooperation will be made known to others, e.g., the trial judge. [*Gilliam v. State*, 268 Ga. 690, 692 (3) (492 SE2d 185) (1997).] And, we have held that a confession is not tainted because a suspect confesses only after the officer tells him, "I want to help you," [*Cooper v. State*, supra at 235,] or after the officer says that if the suspect cooperates, he will inform the prosecutor and "it might help him." [*Lyles v. State*, 221 Ga. App. 560, 561 (1) (472 SE2d 132) (1996).]

*Evans v. State*, 248 Ga. App. 99, 101-102 (2) (545 SE2d 641) (2001). See also *State v. Roberts*, 273 Ga. 514 (543 SE2d 725) (2001). Further, Detective Beining specifically testified that he did not promise Cooper any hope of benefit.

"When a trial court holds a suppression hearing and determines the voluntariness of a confession, that determination will be upheld unless it is clearly erroneous." (Footnote omitted.) *Evans v. State*, supra at 102. Here, we cannot say the trial court's decision to admit the redacted videotape of Cooper's statement was clearly erroneous.

2. Cooper also alleges that his conviction should be reversed for insufficiency of the evidence. We conclude, however, that the evidence adduced at trial, when viewed in the light most favorable to the verdict, would authorize a rational trier of fact to find Cooper guilty of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). "Anyone who aids and abets in the commission of a crime is a party thereto and may be

charged with and convicted of that crime. [OCGA §§ 16-2-20; 16-2-21.]" *Monsalve v. State*, 271 Ga. 523, 524 (1) (519 SE2d 915) (1999).

Ross's testimony that Cooper was unaware that she had the forged checks and that he did not know she was attempting to cash a forged check does not demand an acquittal since "[a] jury is authorized to believe or disbelieve all or any part of the testimony of witnesses, and it serves as the arbiter of conflicts in the evidence before it. [Cit.]" *Drake v. State*, 238 Ga. App. 584, 586 (1) (519 SE2d 692) (1999).

*Judgment affirmed. Smith, P. J., and Ellington, J., concur.*

DECIDED OCTOBER 11, 2002.

*Clark & Towne, Wystan B. Getz*, for appellant.
*Daniel J. Porter, District Attorney, Elizabeth L. Jaeger, Assistant District Attorney*, for appellee.