## A07A1258. WOODS v. THE STATE.
(651 SE2d 188)

MILLER, Judge.

Following a jury trial, Courtney Woods was convicted of a single count of selling cocaine. Woods now appeals from the trial court's denial of his motion for a new trial, asserting as error the trial court's refusal to grant his motion for a directed verdict of acquittal. Discerning no error, we affirm.

"The standard for reviewing a denial of a motion for a directed verdict of acquittal is whether . . . the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that the defendant was guilty of the charged offense." *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). In making that determination, we view "the evidence . . . in the light most favorable to support the verdict" and we neither "weigh the evidence [n]or determine witness credibility." Id.

So viewed, the evidence shows that in October 2002, three agents of the Georgia Bureau of Investigation ("GBI") were working undercover narcotics investigations in and around Greene County. In conducting these investigations, the men would generally drive a specially equipped undercover vehicle into areas where drugs were frequently sold. The vehicle was an unmarked, white truck, outfitted with audio and video recording equipment.

On October 3, 2002, the agents were driving the van in such an area when they were flagged down by Woods, who was driving a red Ford Explorer in which Julian Daniels was riding as a passenger. Woods asked the men what they wanted, and one of the agents responded that they were seeking to purchase crack cocaine. Woods said that while he did not have any drugs, he could take the men to a source who could sell them cocaine. Woods instructed the agents to follow him, and then drove to the parking lot of a local church, with the agents following in their truck.

Once in the church parking lot, Woods told the agents to wait there for his return. He and Daniels then drove away, and returned a short time later with Woods' co-defendant, Clindric Jarrells, seated in the back of the Explorer. At Woods' request, one of the agents exited the undercover vehicle and approached the passenger side window of the Explorer. The agent then handed Woods $60 and in return Woods gave him a bag containing crack cocaine. Woods, Jarrells, and Daniels were each subsequently indicted on one charge of selling cocaine, or being a party to that crime in violation of OCGA § 16-13-30. Daniels entered a guilty plea and Jarrells and Woods were tried together, with the jury convicting Woods but acquitting Jarrells.

On appeal, Woods claims that he was entitled to a directed verdict, alleging that the GBI agent making the buy gave inconsistent

testimony about the incident and that his own testimony, along with that of Daniels and Jarrells, established that he did not sell the cocaine. Woods' enumeration of error and his arguments in support thereof, however, fail to acknowledge that this Court examines "not the weight but the sufficiency of the evidence." (Citation omitted.) *Owens v. State*, 213 Ga. App. 693, 694 (5) (445 SE2d 818) (1994). "Furthermore, the determination of a witness' credibility ... is within the exclusive province of the jury," (citation and punctuation omitted) *Little v. State*, 230 Ga. App. 803, 804 (1) (498 SE2d 284) (1998), as is the question of "whether a conflict in the evidence creates a reasonable doubt." *Owens*, supra, 213 Ga. App. at 694 (5). Thus, the jury was free to give the testimony of Woods, Daniels, and Jarrells little or no weight, even if it was exculpatory as to Woods. Moreover, it was for the jury to determine whether it viewed the GBI agent's testimony as inconsistent and, if so, what impact those inconsistencies had on the agent's credibility.

Given that we cannot re-weigh the evidence, the only question before us is whether that evidence supports Woods' conviction. We find that it does. At trial, the GBI agent who purchased the cocaine testified to the facts set forth above. To corroborate this testimony, the State introduced into evidence a videotape of the transaction, recorded by the equipment in the undercover van.[1] This evidence was sufficient to convict Woods of selling cocaine. See, e.g., *Jackson v. State*, 223 Ga. App. 207, 208 (477 SE2d 347) (1996) (conviction supported by identification of defendant by undercover officer and videotape showing transaction); *Hill v. State*, 205 Ga. App. 475, 475-476 (1) (422 SE2d 564) (1992) (positive identification of defendant by undercover officer as person who sold the cocaine sufficient to sustain conviction).

Moreover, Woods' argument addresses only the question of whether the State proved that he, as opposed to Daniels or Jarrells, sold the cocaine. Because he was charged as a party to the crime, however, the State was not required to show that Woods actually sold the cocaine; rather it was sufficient for the State to prove that Woods facilitated that sale. See *Reviere v. State*, 231 Ga. App. 329, 334 (6) (498 SE2d 332) (1998) (defendant facilitated sale of cocaine when he told undercover officer where he could obtain drugs); *Owens*, supra, 213 Ga. App. at 694 (5) (evidence supported defendant's conviction as a party to sale of cocaine where it showed that defendant "on request, led the seller to the undercover officers to sell cocaine").

---

[1] Although this videotape appears to have played an important role at trial, neither Woods nor the State designated it as part of the record on appeal. Thus, our knowledge of the contents of that videotape is gleaned from the trial transcripts.

On appeal, Woods does not challenge the testimony or other evidence demonstrating that, at the very least, he facilitated the drug transaction at issue by bringing together the buyer and the seller. That evidence, standing alone, is sufficient to sustain the jury's verdict against Woods.

In light of the foregoing, we affirm the trial court's order denying Woods' motion for a new trial.

*Judgment affirmed. Barnes, C. J., and Smith, P. J., concur.*

DECIDED AUGUST 15, 2007.

*Mary Erickson*, for appellant.
*Fredric D. Bright, District Attorney, Wilson B. Mitcham, Jr.*, for appellee.